## Cubbison *against* M'Creary.

The true test of a witness's competency on the ground of his religious princi-
ples is, whether he believe in the existence of a God who will punish him if he
swear falsely : and within this rule are comprehended those who believe future
punishments not to be eternal.

ERROR to the Common Pleas of *Beaver* county.

James Cubbison against James M'Creary. This was an action
on the case founded upon a parol agreement between the parties
respecting the partition of a tract of land, in which the plaintiff
claimed to recover damages from the defendant for not conveying
the land according to his agreement. The only point of law of
any consequence in the cause arose out of the objection to the
competency of a witness on the ground of defect of religious prin-
ciples.

The defendant offered as a witness James Rigby, who was
objected to by the plaintiff as incompetent, on the ground of a
defect of religious principle. To support this objection, the plain-
tiff called James Wilson and John Shaffer, who, having been duly
sworn, testified that they had severally heard James Rigby declare
theretofore, that he did not believe in a future state of rewards
and punishments. The defendant then offered Rigby for the
purpose of stating to the court that he held an opinion as to a
future state contrary to that testified to by the said Wilson and
Shaffer; to which the plaintiff objected as incompetent. The court
admitted Rigby to state that he believed in a future state of re-
wards and punishments, and then permitted him to be sworn, and
testify in chief on the part of the defendant. The plaintiff ex-
cepted to the opinion of the court.

*Agnew,* for plaintiff in error, cited 2 *Phil. Ev.* 19 ; 4 *Day* 51.

*Shannon, contra,* argued that the admission of evidence to the
court was not the subject of a writ of error ; and all that could be
complained of here was, that the court received evidence from the
witness objected to as to his belief.

The opinion of the Court was delivered by
SERGEANT, J.—The first error assigned is to the admission of
Rigby to disprove the evidence, which had been given by two wit-
nesses, of declarations made by Rigby that he did not believe in
a future state of rewards and punishments. The decisions in

[Cubbison v. M'Creary.]

New York and Connecticut have been, that after the incompetency of the witness, from defect of religious belief, is satisfactorily established by proof of his declarations out of court, he will not be permitted to deny or explain such declarations of his opinions, or to state his recantation of them when called to be sworn.  The reason is, that standing as he does, not admitting the obligation of an oath, it would be idle to administer to him an oath, and without oath no one can be examined as a witness in a court of justice.  If, as is frequently the case, with the increase of years and advancing knowledge, the mind of the witness has undergone a change in his religious principles and belief, he may be restored to his competency on giving satisfactory proof of such change of opinion before the trial, so as to repel any presumption arising from his previous declarations of infidelity.  *Jackson* v. *Gridley*, (18 *Johns.* 98) ; *Curtis* v. *Strong*, (4 *Day* 51) ; see 5 *Mason* 19.

There are, however, arguments of considerable weight in favour of allowing a witness, in such case, to state his present religious belief at the time of trial.  But it is not necessary in the present instance to give any opinion on this point, because we think that the two witnesses who swore to Rigby's declarations did not make out sufficient to disqualify him from being sworn.  An oath is an appeal to the Supreme Being for the truth of what the party declares : and the true test of the witness's competency on the ground of his religious principles is, whether he believe in the existence of a God who will punish him if he swears falsely. *Butts* v. *Swartwood*, (2 *Cow.* 431).  Within this rule are comprehended those who believe future punishments not to be eternal. In *The People* v. *Matteson*, (2 *Cow.* 432, *note a*), and in an anonymous case, (2 *Cow.* 572), it was held that all persons who believe in the existence of a God, and in future punishments by him, either in this world or in that to come, are competent witnesses.  The same doctrine has been held by the Supreme Court of Massachusetts : *Hunscomb* v. *Hunscomb*, (15 *Mass.* 184).  In Connecticut and Tennessee more ancient decisions have occurred that a person who does not believe in the obligation of an oath, and in a future state of rewards and punishments, or any accountability after death, is inadmissible as a witness : *Curtis* v. *Strong*, (4 *Day* 51) ; *Slate* v. *Doherty*, (2 *Tenn. R.* 80).  We think the modern doctrine well supported on reason and on authority, and that it presents the proper test to be applied to cases of this kind.  The witness, therefore, in the present case, was not rendered incompetent by the evidence produced ; it was for the jury, as affecting his credibility.

The other errors are not substantiated.  The case turned upon matters of fact, and was so left to the jury, except that the court charged that, even if the partition was a conditional one, namely, to be changed when the true corner should be discovered, yet if

the understanding was that the plaintiff was to let the lines remain as they were run in making the partition, and he did not do so, but afterwards had them changed and got two or three acres off Pollock's part, this was a violation of the agreement on his part, and a disaffirmance by him; and he was not entitled to recover. The principle thus laid down is objected to, because it is said M'Creary, the defendant, first violated the agreement on his part by conveying the S. E. end of the tract to Pollock, by a deed which embraced a portion of the surplus land. I do not perceive how the defendant's violation of the agreement by conveying a part of the surplus to another could enable the plaintiff also to violate it without being responsible for the consequence. If he meant to hold the defendant liable for his breach of the contract, it was the duty of the plaintiff to abide by it and perform his part. I therefore think the court was right in saying that this was a disaffirmance of the contract, and the plaintiff could not recover upon it.

Judgment affirmed.