## Blair & Hutton *versus* Seaver.

Where the admission of testimony depends upon the existence of a fact, and there is any evidence from which the jury might infer such fact, the court will receive the evidence and submit it to the jury.

A belief in a future state of rewards and punishments is not essential to the competency of a witness, nor is it cause of exclusion that he does not believe in the inspired character of the Bible.

The test of competency is, whether the witness believes in the existence of a God, who will punish him if he swear falsely, but whether the punishment will be temporary or eternal, inflicted in this world, or that to come, is immaterial on the question of competency.

In such case, the jury must judge of whether the credibility of the witness is affected by his belief in the extent of the penalty to be incurred by false swearing, and his disbelief of the Christian religion.

ERROR to the District Court of *Philadelphia*.

This was an action of *assumpsit* brought by William R. Seaver against William H. Blair and Thomas H. Hutton, trading as Blair & Hutton. Seaver was a salesman in the employ of the defendants,

tea merchants, and claimed compensation for his services for one year. The defendants were the successors of Russel & Blair, having purchased the interest of Russel. The plaintiff, on the trial, called Hugh J. Smith, the defendants' book-keeper, and proved that Blair told the witness to make out the plaintiff's account, and to ascertain the amount of sales on the old and the new stock, and to allow Seaver 10 per cent. on the net profits after all bad debts and expenses were deducted. Smith made out the account, and Seaver took a copy of it, the original of which was produced by the witness and given in evidence by the plaintiff. From this account it appeared the plaintiff was entitled to $1455.90, which he acknowledged to have received. In this account the old stock of Russel & Blair was put down at $91,900.96, cost price.

The plaintiff then called Lewis Cooper, the executor of Francis Russel, to prove that they only paid for Russel's moiety of the old stock $40,000. On that account they contended that stock should have been computed at $80,000, instead of the sum at which Blair & Hutton set it down, and to show an error in the account, and larger profits than the account made out by them exhibited. The defendants objected to this testimony, but the court admitted it; and this is one of the errors complained of.

The plaintiff then offered Horace M. Sharp as a witness, to prove the amount of goods sold by Seaver while in the defendants' employ. The witness was sworn, but before being examined, was objected to on the ground that he did not believe in a future state of rewards and punishments; and a witness was called who testified that in the summer of 1853 Sharp had told him "that the violation of the Sabbath, and what the world called religious, would not interfere with his future. He said he did not believe the Bible to be the inspired work of God, and it laid down rules which did not bind him."

On the cross-examination he stated: "I don't think he ever told me he did not believe in a God; I am sure he said he did not believe in a future state of rewards and punishments."

The counsel for plaintiff proposes to examine Sharp as to his religious belief. This was objected to by defendants' counsel, and the objection sustained.

But the witness, Sharp, was admitted to testify in chief,—to which defendants' counsel excepted.

The jury found for the plaintiff $667.15.

The defendants removed the cause to this court, and assigned for error the reception of Cooper's testimony and the admission of Sharp.

*B. H. Brewster*, for plaintiff in error.—There was no evidence that plaintiff was to be compensated by a percentage on the

profits. The evidence of Cooper could only be available in that light to increase the profits, and thus the amount due plaintiff.

Even if there had been evidence of a contract, Cooper's testimony should not have been received. Why should Seaver claim the advantage of a bargain made by Blair & Hutton, or compel them to adopt that as the standard of valuation for the other half of the stock owned by Blair?

2. A witness who does not believe in a God or a future state rewards and punishments, ought not to be admitted: Omichund *v.* Barker, 1 *Atk.* 45; Curtis *v.* Strong, 4 *Day.* 53; Atwood *v.* Welton, 7 *Conn.* 67; Jackson *v.* Gridley, 18 *Johns.* 99.

*H. M. Phillips* and *G. M. Wharton,* contrà.—The account given from defendants' books was subject to contradiction: Rose *v.* Savery, 29 *Eng. C. L.* 476; Rex *v.* Steptoe, 4 *C. & P.* 397, 19 *Eng. C. L.* 572; Rex *v.* Higgins, 4 *Id.* 247, 19 *Eng. C. L.* 498.

2. The witness, Sharp, was *sworn* without objection; no objection was made until after he was sworn, and then it was too late. Besides, if the objection had been taken in time, the right to purge the witness by his own statement of present belief is established in McFadden *v.* Commonwealth, 11 *Harris* 17.

The opinion of the court was delivered by

KNOX, J.—It was the province of the jury, under the evidence, to determine whether Seaver's compensation was to be measured by the profits or otherwise. There was no direct evidence upon the subject; an inference could be drawn from the testimony of Hugh J. Smith that Seaver was to receive ten per cent. on the nett amount of profits, for his services as clerk. Assuming that the jury would find from the evidence that he was to receive a portion of the actual profits, the evidence of Cooper was clearly admissible, as its direct tendency was to establish what the profits were. Consequently it was the duty of the court to receive this evidence, for to have rejected it would have been a determination of the measure of compensation by the court. As this was a question of fact, the court was bound to submit it to the jury.

Horace M. Sharp was offered as a witness by the plaintiff. After he was sworn, but before he was examined, an objection was made to his competency, for the reason that he did not believe in a God or a future state of rewards and punishments. To establish his want of religious belief it was shown that nearly two years before the trial he had said that "he did not believe the Bible to be the inspired work of God, and did not believe in a future state of rewards and punishments."

A belief in a future state of reward and punishment is not essential to the competency of a witness, nor is it cause of exclusion that one does not believe in the inspired character of the Bible.

[Blair & Hutton v. Seaver.]

The test of competency is, whether the witness believes in the existence of a God, who will punish him if he swear falsely : Butts v. Swartwood, 2 *Cowen* 431; Cubbison v. McCreary, 2 *W. & Ser.* 262. As an oath is a solemn appeal to the Creator of the Universe that the truth only shall be witnessed, no one is competent to take it who has not a religious sense of accountability to the Omniscient Being, who will certainly punish him if he commits perjury. But whether the punishment will be temporary or eternal, inflicted in this world or that to come, is immaterial upon the question of competency. It is for the jury to say whether the credibility of the witness is affected by his belief in the extent of the penalty to be incurred by false swearing, or his want of belief in the Christian religion.

As the evidence was insufficient to exclude Sharp from testifying, it is unnecessary for us to say anything about the time when the objection was made, or the refusal to let the witness state his own religious belief at the trial.

We have noticed the first and second assignments of error; the third and fourth were very properly abandoned at the argument.

Judgment affirmed.