Opinion by
Orlad y, J.,
The defendant was indicted and convicted of committing a felonious assault on a child seven years of age. The trial was conducted without reversible error save that suggested in the second assignment; the record as to this is as follows: “Mamie Monago being duly produced and examined on behalf of the Commonwealth, testified as follows: Counsel for defendant objects to the child Mamie Monago testifying in this case owing to her extreme youth. By the Court: Objection overruled, and evidence admitted. Commonwealth have the right to put her on the witness stand, and let her tell her story, to which ruling the defendant excepted and bill sealed.” It is contended that the record does not affirmatively show that this child was not duly sworn and examined under her oath, but it is quite apparent, both from the record above quoted, and from the charge of the court, in explanation of it, to the jury, as follows: “Then the little girl was called. Now, she is of tender years, probably does not understand the nature of an oath, but she is entitled to go upon the stand, the jury are entitled to have her story, and the commonwealth are entitled to have her story;” that the statement from this child was then received from the witness stand without an oath having been administered to her. There is no warrant of law in this state for receiving the testimony of a witness in a criminal case in any other than under the forms prescribed by the common law. The child was aged seven years. No examination was made by the court or counsel touching her capacity as to intelligence, understanding or responsibility. By the common-law rule every person over the age of fourteen is presumed to have common discretion and understanding until the contrary appears, but under that age it is not so presumed, and therefore inquiry is made as to the degree of understanding which the child offered as a witness may possess. If he appears to have sufficient natural intelligence to distinguish between good and evil and to comprehend the nature and effect of an oath he may be examined on oath: 1 Greenleaf on Evidence, sec. 367. There is no conflict among the authorities as to the necessity of administering an oath, though there is some as to the question of age. Prima facie *394 the child was incompetent and could not testify. The court might, however, examine her so as to determine her mental and moral capacity and allow her to testify. This determination is judicial; the examination is a part of the trial, it must be made in public, and in court. The decision must be founded upon the opinion of the judge from the examination which he makes, and cannot be referred to somebody else. He must act upon his own opinion. The testimony of witnesses is to be given under the sanctity of an oath, and where a child is of such tender years as not to be able to comprehend the nature of an oath, the safeguards which the law has placed around human testimony would be entirely overthrown were such statements permitted to be given: People v. Frindel, 65 N. Y. Supreme Ct. 482. The 'credit due to the statements of such a witness is submitted to the consideration of the jury, who should regard the age, the understanding, and the sense of accountability for moral conduct in coming to their conclusion.
At one time it was considered that an infant under the age of nine years could not be permitted to’ testify under any circumstances. And that between the age of nine and fourteen years it was within the discretion of the court to admit or not, as it should or should not be satisfied of the infant’s understanding and moral sense: Rex v. Dunnel, East’s P. C. 442. It was finally determined in Brazier’s Case, East’s P. C. 443, in consultation between all the judges, that a child of any age capable of distinguishing between good and evil might be examined on oath, and this is considered the established rule in civil and criminal cases: Roscoe’s Cr. Ev. 94; Simpson v. The State, 31 Ind. 90. The admissibility of children as witnesses depends not merely upon their possessing a competent degree of understanding, but also in part upon their having received such a degree of religious instruction as not to be ignorant of the nature of an oath, or of the consequences of falsehood: 1 Phillips on Evidence (4th Am. ed,), 11 and 12. If an infant appear on examination by the court to possess a sufficient sense of the wickedness and danger of false swearing he may be sworn, although of ever so tender an age. The credibility of the witness is to be judged of by the jury from the manner of the testimony *395 and from other circumstances: Commonwealth v. Hutchinson, 10 Mass. 225. It is not a fact that no child of seven years of age can understand the nature of an oath. This depends on the precocity of the child, the training it has received and its moral perceptions: 1 Greenleaf on Evidence, sec. 367. It is not unusual to receive the testimony of children under nine, and sometimes even under seven years of age, if they appear to be of sufficient understanding; and it has been admitted even at the age of five: Roscoe’s Cr. Ev. 94. The law fixes no precise age when a witness shall be excluded, and inquiry is made by the court to determine the question suggested, and ascertain the capacity of the witness, and the admission or rejection must depend upon the sound discretion of the judge making the examination. If the child comprehends the obligations of an oath and believes that any deviation from the truth, while under oath will be followed by appropriate punishment, it is competent, although it is ignorant of the nature of the punishment: Blackwell v. State, 11 Ind. 196; Wade v. State, 50 Ala. 164. The appellate court will not interfere if the trial judge concludes that a child is competent in the absence of a clear abuse of discretion: Washburn v. The People, 10 Mich. 372; West Virginia v. Michael, 19 L. R. A. 605 and notes. In such case the trial court has a very wide discretion, but we have not found any case justifying the reception of the unsworn statement of a child of such immature years, and the danger of receiving such a statement from such a source is well illustrated in the last cited case: “Not being amenable to the law for false swearing, and having no knowledge of moral responsibility, designing and wicked people may easily use them to further intrigues of their own without fear of punishment for subornation of perjury. They are as clay in the potter’s hand, to be moulded, some to honor, and some to dishonor, lacking conscientiousness, they repeat with phonographic precision the things that have been told to them to say, be they true or false. Neither reason nor authority justifies the admission of such witnesses. The effect of an oath upon the conscience of a child should arise from religious feelings of a permanent nature, and not merely from instructions confined to the nature *396 of an oath, recently communicated to her for the purpose of trial.” The judge of the trial court had means of decision in this matter not possessed by us, and while in the great majority of cases the decision of the trial court in the matter of the competency of a child depending as it does not on age but on intelligence, must be final, and it must be a very flagrant case of error to authorize the appellate court to reverse the judgment, Wharton on Evidence, 368, yet, even when an oath is administered, it is still a matter of discretion which is reviewable by the appellate court, and the abuse of which is a reason for a reversal of the judgment.
In all cases the test on which testimony is received in courts is the oath administered to the witness, and whatever its form may be, the oath is an appeal to God by the witness affirming that he will speak the truth on the witness stand. If the witness has no knowledge of God, or belief in his existence, and shows no sense of accountability to him for false testimony there is no guaranty of the truth of the testimony. The sense of accountability of the witness, if he be untruthful in giving his testimony, has been universally recognized' as the requisite of competency, and renders unnecessary any elaborate citation of authority: 1 Greenleaf on Evidence, 365, 367; Commonwealth v. Wilson, 186 Pa. 1.
In the case before us it is apparent that the child was but seven years of age, that she was not sworn, that no examination was made by the trial judge in order to qualify her as a witness under oath, that she was permitted to make her statement to the jury, and that on this statement alone could the jury have returned their verdict of guilty. This assignment of error is sustained, and the record is remitted to the court below for a new trial.