## Commonwealth *v.* Tresca, Appellant.

*Evidence — Witness — Competency — Oath — Belief in God — Libel —Criminal law—Act of April 23, 1909, P. L. 140.*

1. Under the Act of April 23, 1909, P. L. 140, the opinions of a witness on matters of religion are not to be made a subject of inquiry for the purpose of affecting either his competency or credibility.

2. Where the defendant in a prosecution for criminal libel offers to take the oath and states that it will be binding upon him, he is qualified to be sworn, although he refused to state that he believes in a God.

Argued Dec. 5, 1910. Appeal, No. 99, April T., 1911, by defendant, from judgment of Q. S. Allegheny Co., September Sessions, 1910, No. 148, on verdict of guilty in case of Commonwealth v. Carlo Tresca. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Reversed.

Indictment for libel. Before CARNAHAN, P. J.

At the trial when the defendant was called the district attorney made the following objection:

I object to the administration of an oath to this witness for the reason that he does not believe in the existence of a God who will punish him if he testifies falsely, and I ask leave to sustain my statement by competent testimony.

Mr. Davis: Mr. Tresca is willing to take the oath.

The Court: You had better ask him.

Mr. McElroy: I will not ask him the question because I think it would be ground for exception if I did. I submit, it has been expressly ruled by the courts of this country that it is not to be proved by the man himself but by other witnesses. I make the objection that he should not be permitted to take the oath because he does not believe in the existence of a God who will punish him if he swears falsely, and I offer to sustain my objection by competent testimony.

The Court: I think the witness is at liberty to state, is entitled to be examined on that subject first, under these various decisions here.

Mr. McElroy: Do you want his counsel to examine him?

Mr. Davis: "Q. Mr. Tresca, are you perfectly willing to take an oath? A. Yes, why not?"

Mr. McElroy: "Q. Do you believe in the existence of a God? A. I refuse to answer; I believe in an oath. Q. Do you believe in the existence of a God who will punish you if you take a false oath? A. Anybody who will take a false oath will be punished. Q. By God? A. I refuse to answer."

The Court: How do you expect me to get along with that kind of testimony. What is the use of him taking an oath.

Mr. Davis: "Q. Do you believe in a Supreme Being? A. Yes, sir. Q. What do you mean by Supreme Being? A. As the force that regulates the things of the world. Q. Which is expressed and known by the name of God, is that right? A. Anybody can call this force as they wish. I can call it a Supreme Being without calling it God. Q. And if you take an oath you will be responsible to the Supreme Being?"

Mr. McElroy: Object to the question as grossly leading.

The Court: I think he has said enough to settle the matter. Anybody that does not believe in a God and responsibility to a God who will punish him if he swears falsely, is not going to have the oath administered to him here and testify.

The objection to the competency of the witness to be sworn is sustained.   To which ruling defendant excepts, exception allowed and bill sealed.  [1]

Verdict of guilty, upon which the prisoner was sentenced to pay a fine of $300 and undergo an imprisonment of nine months in Allegheny county jail.

*Error assigned* was the action of the court in refusing to permit the defendant to be sworn.

*Ralph C. Davis*, with him *Rody P. Marshall*, for appellant.

*Wm. A. Blakeley*, district attorney, *Harry H. Rowand*, assistant district attorney, and *Robt. T. McElroy*, for appellee.

OPINION BY ORLADY, J., March 3, 1911:

When this defendant was being tried on a charge of criminal libel, he was called as a witness in his own behalf.   The district attorney objected to his competency for the reason, "that he does not believe in the existence of a God who will punish him if he testifies falsely."   His examination was as follows: "Mr. Tresca, are you perfectly willing to take an oath?   A. Yes, why not?   Q. Do you believe in the existence of a God?   A. I refuse to answer.   I believe in an oath.   Q. Do you believe in the existence of a God, who will punish you if you take a false oath?   A. Anybody who will take a false oath will be punished.   Q. By God?   A. I refuse to answer.   Q. Do you believe in a Supreme Being?   A. Yes, sir.   Q. What do you mean by a Supreme Being?   A. As the force that regulates the things of the world.   Q. Which is expressed and known by the name of God.   Is that right?   A. Anybody can call this force as they wish, I can call it the Supreme Being without calling it God."

The witness was held to be incompetent by the court, and was withdrawn.   The trial resulted in his conviction and this is the sole error assigned.

It is not necessary to review the decisions and legislation on this question which has vexed the courts and legislatures since the formation of our government, as it has been definitely settled by the Act of April 23, 1909, P. L. 140; the second section of which provides that "Hereafter the capacity of any person to testify in any judicial proceeding shall be in no wise affected by his opinions on matters of religion." And section third "No witness shall be questioned, in any judicial proceeding, concerning his religious belief; nor shall any evidence be heard upon the subject, for the purpose of affecting his competency or credibility." The fourth section is as follows: "Hereafter the affirmation may be administered in any judicial proceeding instead of the oath, and shall have the same effect and consequences, and any witness who desires to affirm shall be permitted to do so." By the Act of May 21, 1885, P. L. 23, the defendant, at his own request but not otherwise is to be deemed competent as a witness, and by the act of 1909, his opinions on matters of religion are not to be made a subject of inquiry for the purpose of affecting either his competency or credibility. The test of competency as established in Cubbison v. M'Creary, 2 W. & S. 262; Blair & Hutton v. Seaver, 26 Pa. 274, and other cases has been radically changed by this act of 1909, and its language is broad enough to remove all incompetency by reason of any religious belief. We have nothing to do with the wisdom of this legislation and accept it as a legislative direction. The general credibility of the witness, independent of his religious principles, is still left for the consideration of the jury, believe what he may and swear how he will. The court having refused to permit him to be sworn, he was not obliged to offer to take the affirmation as a substitute for the oath he was willing to take, and which he asserted would be binding on his conscience, he should have been permitted to be sworn and testify. This right having been denied him, the judgment is reversed and a new trial awarded.