## Commonwealth v. Tompkins

*Robert D. O'Connor*, for Commonwealth.
*Edwin W. Tompkins*, for defendant.

LIPEZ, P. J., August 8, 1958.—This case is before us upon certiorari to Justice of the Peace M. L. Loudenberg, of Chapman Township. The record discloses that defendant was found guilty of a Vehicle Code violation upon unsworn testimony. We believe this to be a fatal defect requiring reversal of the conviction.

The general rule is that a witness can be heard only upon oath or affirmation. The evident purpose is to

affect the conscience of the witness and thereby compel him to tell the truth: 58 Am. Jur 306.

At common law, any mode of swearing that the witness believed to be binding upon his conscience sufficed: 58 Am. Jur. 307. In Pennsylvania, an oath or affirmation is specifically required by statute in all proceedings heard before judges, aldermen, magistrates, justices of the peace, etc. See Act of March 21, 1772, 1 Sm. L. 387, sec. 1, as amended by Act of April 3, 1895, P. L. 32, sec. 1, 28 PS §251. As early as the Act of May 31, 1718, 1 Sm. L. 387, reflecting a remarkable religious tolerance for that early period, such an oath could be taken according to the "conscientious persuasion" of the witness, or by affirmation for Quakers. See historical note under 28 PS §252. By the Act of April 23, 1909, P. L. 140, sec. 4, 28 PS §252, the right of affirmation was given to any witness, and hence today in Pennsylvania an oath or affirmation is sufficiently elastic to provide for any religious belief or nonbelief. See Commonwealth v. Tresca, 45 Pa. Superior Ct. 619.

In criminal cases where a person's life or liberty may be at stake an oath is especially important. Hence, it is generally held that witnesses in criminal cases must be sworn or affirmed before they may be allowed to testify: 3 Wharton's Criminal Evidence, 12th ed., §835. Thus, in Commonwealth v. Capero, 35 Pa. Superior Ct. 392, it was held to be reversible error for the court on the trial of an indictment for felonious assault on a child seven years old to permit the child to make a statement not under oath.

Such a requirement is no less important in the trial of summary offenses where one's liberty may also be involved. Thus, in Newcastle v. Casacchia, 58 D. & C. 184, where defendant was found guilty before the mayor on unsworn testimony of violating the city ordinance, the court on certiorari (Braham, P. J.) held

this to be a "fatal defect", and reversed the conviction (for this and other reasons not pertinent).

We, therefore, enter the following

*Order*

And now, August 8, 1958, the judgment of conviction is set aside.