J-S34012-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES D. DINICOLA | : | |
| | : | |
| Appellant | : | No. 157 WDA 2022 |

Appeal from the PCRA Order Entered January 13, 2022
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0002789-2008

BEFORE:  DUBOW, J., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED: OCTOBER 12, 2022**

Appellant, James D. Dinicolo, appeals from the Order entered by the Erie County Court of Common Pleas denying as untimely his third petition seeking relief pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-46 ("PCRA").  After careful review, we agree that the petition is untimely.  We, thus, affirm the denial of relief.

On March 11, 2010, Appellant pled guilty to rape of a child and related offenses and the court sentenced him to an aggregate term of incarceration of 21 to 42½ years.[1]  This Court affirmed the judgment of sentence on December 28, 2011.  Appellant did not seek further review.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] The court also found him to be a sexually violent predator ("SVP").

Appellant subsequently filed two counseled PCRA petitions which failed to garner relief. He filed the instant petition, his third, on June 30, 2021, represented by new counsel Cheryl J. Sturm. On December 8, 2021, the PCRA court filed a notice of intent to dismiss the petition, to which Appellant responded.[2] On January 13, 2021, the court issued an opinion and order dismissing the petition as untimely.[3]

Appellant filed a timely notice of appeal. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.[4]

Appellant presents the following questions for our review:

1. Whether the amended PCRA petition is timely under the **Bradley** decision?

---

[2] Simultaneously, Appellant filed a motion to amend his PCRA petition to add a claim that his prior PCRA counsel, who represented him in both his 2012 and 2015 PCRA proceedings, provided ineffective assistance for not raising a claim alleging that only hearsay was presented at his preliminary hearing. **See** Motion to Amend, dated 12/21/22, 1, 4 (citing **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021), and **Commonwealth v. Capero**, 35 Pa. Super. 392 (Pa. Super. 1907)(vacating a conviction where the 7-year-old victim testified before a jury without having been sworn in or examined by the court as to competency)). Appellant contended that **Bradley** presented a new fact that enabled him to bring this claim. Motion to Amend at 4.

[3] In its January 13, 2022 order dismissing the instant Petition, the court addressed Appellant's Motion to Amend his PCRA petition, observing that even if it were to permit the requested amendment and find that the petition was timely in light of **Bradley**, Appellant would still not be entitled to relief because the victim, who was 12 at the time she testified at the preliminary hearing, demonstrated that she understood the difference between the truth and a lie. Final Order, dated Jan. 13, 2022, at 4.

[4] The PCRA court relied on its December 8, 2021 and January 13, 2022 opinions in lieu of a Rule 1925(a) opinion.

2. Whether the PCRA Court erred in not holding a hearing on the PCRA Petition?

3. Whether the PCRA Court erred in finding that [the victim] was not incompetent to testify and in finding that prior PCRA counsel was not ineffective for failing to raise the *Capero* issue that [she] was not competent to testify because she did not understand the meaning of an oath?

Appellant's Br. at 1-2.

Our standard of review is well-settled. We review the denial of a PCRA petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if they are supported by the record. *Commonwealth v. Boyd*, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. *Commonwealth v. Paddy*, 15 A.3d 431, 442 (Pa. 2011).

A petitioner may seek PCRA relief within one year following the date on which his or her judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). The PCRA's timeliness requirements are jurisdictional in nature, and a PCRA court may not address the merits of the issues raised if the petitioner did not timely file the PCRA petition. *Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010). In fact, no court has jurisdiction to review the merits of the claims raised in an untimely PCRA petition. *Commonwealth v. Lambert*, 884 A.2d 848, 851 (Pa. 2005). Here, Appellant's judgment of sentence became final in 2012. This petition is, thus, facially untimely.

The PCRA provides three exceptions to the one-year time bar. 42 Pa.C.S. § 9545(b)(1)(i-iii). In order for a petitioner to benefit from these exceptions, the petitioner must plead and prove the applicability of at least one. *Id.* The PCRA "confers no authority upon [courts] to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act." *Commonwealth v. Hackett,* 956 A.2d 978, 983-84 (Pa. 2008) (citation omitted).

While Appellant acknowledges that this third PCRA petition was not filed within one year of the date his judgment of sentence became final, and then quotes the PCRA's timeliness exceptions verbatim, he makes no attempt to apply any of them to his issues. *See* Appellant's Br. at 7-8. Instead, he summarily asserts that his "petition was 'timely' and the PCRA court had jurisdiction over the claim in ineffective assistance of PCRA counsel which is cognizable under *Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021)." *Id*. at 8. A bald assertion of timeliness, without more, does not meet the PCRA's jurisdictional requirements[5] or our briefing requirements.[6]

---

[5] A claim of ineffective assistance of counsel does not meet any of the timeliness exceptions provided by the PCRA. *Commonwealth v. Gamboa–Taylor*, 753 A.2d 780, 785 (Pa. 2000). Moreover, to the extent that Appellant implies that *Bradley* satisfied the "new fact" timeliness exception, we note that "subsequent decisional law does not amount to a new 'fact' under section 9545(b)(1)(ii) of the PCRA." *Commonwealth v. Watts*, 23 A.3d 980, 987 (Pa. 2011)).

[6] *See* Pa.R.A.P. 2119(a) (requiring discussion and citation of pertinent authorities); Pa.R.A.P. 2101 (providing that where briefs fail to conform to the rules of appellate procedure, the appeal may be quashed or dismissed).

In sum, Appellant has failed to meet the jurisdictional timeliness requirement for obtaining relief. The PCRA court, thus, did not abuse its discretion in dismissing this serial PCRA petition. Accordingly, we affirm the denial of relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/12/2022