510 A.2d 367

COMMONWEALTH of Pennsylvania

v.

Robert Lewis BAILEY, Appellant.

Superior Court of Pennsylvania.

Submitted April 3, 1985.

Filed June 2, 1986.

Daniel McGee, State College, for appellant.

Robert A. Mix, District Attorney, State College, for Commonwealth, appellee.

Before CAVANAUGH, OLSZEWSKI and HOFFMAN, JJ.

OLSZEWSKI, Judge:

Robert Bailey appeals from the judgment of sentence of one to two years' incarceration following conviction by jury of one count of indecent assault.

The facts show that appellant separated from his common-law wife in 1976, leaving her with custody of their two sons. Appellant retained visitation rights. On a weekend in February 1981, appellant picked up his two sons for a visit to his house in Centre County. Appellant's nine-year-old son, G.B., went to bed on Friday evening. Sometime thereafter, appellant came to bed, disrobed, and told G.B. to take off his pajamas. Appellant removed G.B.'s underwear and inserted his penis into G.B.'s anus.

G.B. returned to his mother's home at 10:30 Sunday evening, took a bath, and went to bed. When his mother arose at 7:00 on Monday morning, she found bloodstains on G.B.'s underwear and questioned him about their origin. G.B. became upset, began to cry, and told his mother what had happened. A physician examined G.B.'s rectum and found a fresh abrasion which he testified was consistent with G.B.'s story.

Appellant was charged with one count of each of indecent assault and involuntary deviate sexual intercourse. Appellant was convicted by jury only of indecent assault. Following post-trial motions, this appeal is before us.

 Appellant raises four questions for our review: First, he argues that the lower court erred in admitting hearsay statements by the boy's mother as to G.B.'s responses to her questions about the origins of the bloodstains in his underwear. We hold that the statement was properly admitted under the spontaneous declaration exception to the

hearsay rule.[1] *Commonwealth v. Pronkoskie*, 477 Pa. 132, 383 A.2d 858 (1978). The exception requires that the statement must be:

> ... a spontaneous declaration by a person whose mind has been suddenly made subject to an overpowering emotion caused by some unexpected and shocking occurrence, which that person had just participated in or closely witnessed, and made in reference to some phase of that occurrence which he perceived, and this declaration must be so near the occurrence both in time and place as to exclude the likelihood of its having emanated in whole or in part from his reflective faculties.

477 Pa. at 137–138, 383 A.2d at 860 (citation omitted).

In the instant case the victim, a boy of tender years, was subjected to a devastating experience at the hands of his father. The boy was required to remain with appellant for two days following the event. When he returned home Sunday evening, he went immediately to bed. Confronted with the bloodstains, the boy became visibly upset and cried. His statement to his mother was not made in a calm and unemotional manner. We agree with the court below that Monday morning was the first available opportunity that the victim had to speak of the incident outside of the presence or influence of appellant.

The statement was properly admitted as the product of an overpowering emotion caused by a shocking, traumatic, and humiliating experience. The time lapse between the indecent assault and the statement did not negate the clear indicia of reliability which underlies the spontaneous declaration exception. The requirement of spontaneity is a question which turns on the particular circumstances of each case. *Pronkoskie, supra.* The definition of spontaneity is

1. This issue of statements made by sexually abused children to a parent is not one of first impression before this Court. In *Commonwealth v. Haber*, 351 Pa.Super. 79, 505 A.2d 273 (1986) the majority refused to allow the statements of two children, as told to their mothers, concerning what was done to them. I would also use a judicially created tender years exception as outlined in my *Haber* dissent to allow the statements of G.B. to be admitted into evidence.

relaxed when the child declarant is the victim of sexual assault. *Id.* The statement was reliable and properly admitted into evidence.

■ Appellant next argues that the lower court erred in not finding that the verdict was contrary to the evidence and to the weight of the evidence. After a thorough review of the record, we find ample evidence to support a verdict of guilt beyond a reasonable doubt. The victim testified that appellant inserted his penis in his "butt" and began "rocking back and forth." Notes of trial at 38–42. Dr. Troyer testified that his examination of the victim revealed an abrasion of his rectum, and that the injury was consistent with the complaint. Accepting as true all of the evidence in the light most favorable to the Commonwealth, together with all reasonable inferences therefrom, we hold that the verdict was not contrary to the evidence. *Commonwealth v. Macolino,* 503 Pa. 201, 469 A.2d 132 (1983). Although appellant presented some conflicting evidence at trial, the jury's verdict was based on its determination of the credibility of the witnesses. *See Commonwealth v. Murray,* 460 Pa. 605, 334 A.2d 255 (1975). Appellant has presented no argument to question whether the jury's verdict was properly rendered.

■ Finally, appellant argues that the sentence is excessive under the circumstances of this case. Appellant concedes that the sentence imposed is within the statutory maximum limit. We hold that the lower court did not abuse its discretion in the imposition of sentence. *Commonwealth v. Valentin,* 259 Pa.Super. 496, 393 A.2d 935 (1978). The lower court considered that appellant's prior criminal history includes a 1978 conviction for indecent assault and corruption of minors; appellant's medical needs; and the serious nature of this offense, which appellant committed against his own son. The term of imprisonment and recommended treatment for alcohol abuse meets appellant's rehabilitative needs.

The judgment of sentence is affirmed.

HOFFMAN, J., files concurring opinion.

CAVANAUGH, J., files dissenting opinion.

HOFFMAN, Judge, concurring:

While I agree with the dissent that the testimony of the victim's mother concerning his statements about the sexual abuse by appellant were not admissible under the exception to the hearsay rule for excited utterances, I believe that the testimony was admissible as evidence of a prompt complaint.

Evidence of a complaint of a sexual assault [1] is "competent evidence, properly admitted where limited to establish that a complaint was made and also to identify the occurrence complained of with the offense charged." *Commonwealth v. Freeman*, 295 Pa.Superior Ct. 467, 475, 441 A.2d 1327, 1331 (1982). *See also Commonwealth v. Green*, 487 Pa. 322, 328, 409 A.2d 371, 374 (1979); *Commonwealth v. Krick*, 164 Pa.Superior Ct. 516, 522, 67 A.2d 746, 749–50 (1949). In the instant case, the victim's mother testified about her son's statements concerning the assault as follows:

[District Attorney:] I'll repeat my question. Directing your attention to Monday morning, March 2, 1981, you had a conversation with your son ... with regard to blood on his underpants. Would you please state as best as you can recollect for the members of the jury the substance of that conversation?

[Victim's mother:] He told me that his dad made him do bad things. He said his dad stuck his penis in his bum.

N.T. October 14, 1981 at 75. I believe that this testimony was properly limited to establishing that a complaint was made and to identifying the occurrence complained of with the offense charged. *See, e.g., Commonwealth v. Krick*,

---

**1.** While evidence of a prompt complaint has traditionally been an issue in cases involving sexual assaults against women, this Court has held that the concept of prompt complaint is also applicable to sexual assaults against men because Pennsylvania's sexual offense provisions are gender neutral. *See Commonwealth v. Rodriguez*, 343 Pa.Superior Ct. 486, 492 n. 2, 495 A.2d 569, 572 n. 2 (1985).

*supra* (admitting father's testimony in statutory rape prosecution that his daughter told him that she had intercourse with the defendant).[2]

The dissent, however, would find that the complaint was inadmissible because it was not made promptly enough. *See* slip op. at 4–5. I disagree.

> It should be observed too that the weight attaching to a complaint depends upon the promptness with which it is made and the nature and explanation given for any delay. Indeed an unreasonable or unexplained delay may, in the circumstances, justify an inference against the sincerity of the complainant. ... The weight of the testimony is for the jury but the court should carefully instruct it as to the relative probative value of prompt and delayed complaints, the circumstances in which they are made or withheld, and the possible inferences which may be legitimately drawn from them.

*Commonwealth v. Krick, supra,* 164 Pa.Superior Ct. at 522, 67 A.2d at 750. Here, the trial court admitted the evidence of the victim's complaint and specifically instructed the jury on how to weigh the evidence of his complaint:

> [I]n determining the facts here, consider that there was a period of time from apparently early Saturday morning when [the victim] said that his father committed the act

**2.** In *Commonwealth v. Freeman, supra,* this Court stated in *dictum,* that "evidence of identification of the defendant is beyond the scope of the special rule admitting fresh complaints." *Id.,* 295 Pa.Superior Ct. at 476 n. 3, 441 A.2d 1332 n. 3. This statement, however, is unsupported by our caselaw. As noted above, evidence identifying a defendant has been admitted by this Court under the prompt complaint rule, *see Commonwealth v. Krick, supra,* and would seem to be part of the collateral evidence that is admissible to identify the occurrance complained of with the offense charged. I also note that in *Commonwealth v. Green, supra,* our Supreme Court considered the admissibility of a detective's testimony concerning a prompt complaint by a rape victim. The detective not only testified to the complaint of rape, but also related the complainant's allegations concerning the time and place of the rape and the identity of the rapists. Before finding the testimony inadmissible on other grounds, the Court noted that there is authority for admitting the particulars of a complaint, such as the assailant's identity. *See id.,* 295 Pa.Superior Ct. at 328, 409 A.2d at 374 (citing *Commonwealth v. Krick* for the admissibility of the rapist's identity).

that is alleged to have happened here, and the time of about 7:00 a.m. on the following Monday that [the victim], in response to his mother's inquiry, told his mother what allegedly took place.

Now, the fact that there was that time lapse does not mean that the incident didn't occur. It doesn't mean that [the victim] made up this. It doesn't mean that he's not telling the truth. However, you can consider, just as one of the elements in determining the credibility to be given to the evidence here and the testimony here, that lapse of time.

You might consider that during that lapse of time that [the victim] was for the most part in the company of his father, or at least in his father's home. These are the kinds of things that you should consider in weighing the testimony on that point, the testimony of [the victim].

\* \* \* \* \* \*

The evidence that [the victim] delayed in making his complaint in this case, in other words, the time between the incident and his conversation with his mother, does not necessarily make his testimony unreliable, but may remove from it the assurance of reliability that would accompany the prompt complaint or the outcry which a victim of a crime such as this would ordinarily be expected to make. Therefore, the delay in making the complaint should be considered in evaluating the testimony of [the victim] in deciding whether the act occurred at all, or in—in this case it would have to be at all, because consent is not an issue due to the child's age.

You must not consider [the victim's] delay in making the complaint as conclusive evidence that the act did not occur. The failure to make prompt complaint is a factor bearing on the believability or the credibility of [the victim's] testimony and must be considered by you in light of all the evidence in this case.

N.T. October 14, 1981 at 141, 146–47. Thus, I would find that the trial court properly admitted the testimony of the victim's mother as evidence of a prompt complaint and

instructed the jury to determine the weight to be accorded to that evidence.[3]

I join Judge Olszewski's opinion insofar as he finds the remainder of appellant's arguments meritless.

CAVANAUGH, Judge, dissenting:

I respectfully dissent because, in my opinion, the facts establish that there was not a spontaneous declaration that would fall within an exception to the hearsay rule. The appellant, Robert Lewis Bailey, was separated from his common law wife, who retained custody of their two sons. The appellant had visitation rights and on a weekend in February, 1981, he took his two sons to his home in Centre County for a visit. His nine year old son, G.B., went to bed late on Friday evening. Sometime later, according to G.B.'s testimony, his father got into bed with him and sexually abused him.

G.B. and his brother remained with their father until Sunday evening when they returned home at about 10:30 P.M. and G.B. went to bed. On the next morning according to the testimony of his mother, she noticed that there was blood on her son's underwear at about 7:00 A.M. Her testimony was as follows:

Q. Ms. Bailey, I'll repeat my question. Directing your attention to Monday morning, March 2, 1981, you had a conversation with your son ... with regard to blood on his underpants. Would you please state as best you

---

**3.** I would also note that the delay in the instant case was less than that in other cases where evidence of a complaint has been held admissible. In *Commonwealth v. Krick, supra,* we upheld the admission of a father's testimony that his daughter told him of the defendant's sexual assaults five months after the first attack and one month after the second. In *Commonwealth v. Rodriguez, supra,* we upheld the admission of a mother's testimony that her son told her of a sexual assault two days after it had occurred. Here, the victim told his mother of the sexual abuse two days after it occurred and within nine hours of returning home from his father's house. This nine-hour delay is even less significant when one considers that the victim was a nine-year-old boy who had been put to bed immediately upon his return from his father's home and that he told his mother of the sexual assault upon awakening the following morning.

can recollect for the members of the jury the substance of that conversation?

A. He told me his dad made him do bad things. He said his dad stuck his penis in his bum. I asked him if he was telling the truth; he said yes. I asked him if he was willing to tell it to the police; and he said yes. Immediately I called the hotline for child abuse. They told me to call the hospital; they'd make arrangements for me to go down and have him examined, which I did. And then I notified the police.[1]

The court below admitted the hearsay testimony of the alleged victim's mother concerning what her son told her about the incident, under the excited utterance exception to the hearsay rule.[2] The exception requires that a statement must be: "... a spontaneous declaration by a person whose mind has been suddenly made subject to an overpowering emotion caused by some unexpected and shocking occurrence, which that person had just participated in or closely witnessed, and made in reference to some phase of that occurrence which he perceived, and this declaration must be so near the occurrence both in time and place as to exclude the likelihood of its having emanated in whole or in part

[1] The victim's mother also testified with respect to her questioning of her son as follows:

Q. Did you have any further conversation with him at that time?
A. Yes, I did. I asked him why and he said—well, the first thing, when he took his bath, I got his pajamas for him and I found blood stains on his underwear. I asked him what happened and he said dad did bad things to him. I said, 'What did he do?" And he said he stuck his penis in his butt.

[2] The trial court was troubled by the long lapse of time between the alleged incident early Saturday morning and G.B.'s responses to his mother's questions on Monday morning. The court stated with respect to his decision to admit the hearsay:

Now, I'm taking some pains to put this on the record as opposed to just making my decision because it does appear to the Court that this is—I would say so on the record, that this is a close decision because of the lapse of 36 hours. But the Court wants the record to reflect if it becomes important later that the Court is making its decision based upon the first opportunity of a 9 year old boy to speak in this case to his mother or to someone other than his father or father's friends about the incident that occurred with his father.

from his reflective faculties." *Commonwealth v. Pronko-skie*, 477 Pa. 132, 137–8, 383 A.2d 858, 860 (1978). See also *Commonwealth v. Galloway*, 302 Pa.Super. 145, 448 A.2d 568 (1982).

The statement by G.B. to his mother more than 48 hours after the alleged incident and some 9 hours after he returned to his mother's home was not a spontaneous utterance. On the Saturday after the incident G.B. played trucks and watched TV with his brother who was about 11 years old. Part of G.B.'s statement was in response to questions by his mother, and there was clearly time for reflection by him as the act occurred more than 2 days previously.[3] See *Commonwealth v. Kasko*, 322 Pa.Super. 62, 469 A.2d 181 (1983). "... [T]here is no clear cut rule as to the time sequence; whether the actual delay between the event and the statement is sufficient to negate 'spontaneity' must be resolved in the particular facts of each case." *Commonwealth v. Pronkoskie*, 477 Pa. at 142, 383 A.2d at 863. While in this case the child remained with his father and his father's friends until Sunday evening when he returned to his mother's home, his first statements concerning the alleged abuse did not occur until the following morning and such statements do not have the requisite spontaneity. This case is controlled by our recent decision in *Commonwealth v. Haber*, 351 Pa.Super. 79, 505 A.2d 273 (1986).[4] The following language from that opinion is appropriate to our situation:

**3.** The following leading questions were asked of G.B. by the prosecutor concerning his statements to his mother:

Q. You told your mom?
A. Yeah.
Q. Did you tell her that Sunday night, *or was it so late that you had to go to bed?*
A. *It was so late I had to go to bed.*
Q. Did you have school the next day?
A. Yeah. (Emphasis added)

**4.** In *Commonwealth v. Haber, supra,* the court held that the hearsay testimony was crucial to the Commonwealth's case because the testimony of the children consisted mostly of monosyllabic answers to leading questions, and the children repeatedly stated that they were unable to remember details about what happened. In the instant

It is clear that the testimony of Mrs. Leigh-Manuel and Mrs. Predmore as to what their children told them was hearsay, since it related out-of-court assertions that were offered to prove their truth. Thus it was inadmissible unless it fit within an exception to the hearsay rule. The exception most commonly used by the courts to allow the admission of a child's statements regarding sexual abuse is the spontaneous declaration, or excited utterance exception. *But in order to fall under this exception, the statement must have been made so spontaneously as to be under the excitement caused by the event, so as to preclude the possibility of fabrication.*

(Emphasis added—505 A.2d 274-75)

The reason for carving out an exception to the hearsay rule based on an excited utterance is the element of reliability that is present in such spontaneous declarations. The requirement of spontaneity is not diminished because the declarant is a child.

The Commonwealth contends that even if the testimony of the alleged victim's mother was inadmissible under the spontaneous declaration exception to the hearsay rule, it could be admitted to show that G.B. made a prompt complaint about the offense, citing *Commonwealth v. Freeman*, 295 Pa.Super. 467, 441 A.2d 1327 (1982). This argument lacks merit as the complaint was not prompt and of equal importance, it was pointed out in *Freeman, supra,* that "[t]he challenged testimony of the victim and his sister-in-law, [was] introduced solely to establish that Ms. Eachus immediately reported that she was raped, [and] was neither detailed nor protracted." 295 Pa.Super. 476, 441 A.2d 1332. *See also Commonwealth v. Rodriguez*, 343 Pa.Super. 486, 495 A.2d 569 (1985). As noted in *Commonwealth v. Freeman*, 295 Pa.Super. at 475–76, 441 A.2d at 1131–32, "Hue and cry are thought to follow rape like smoke follows fire." In the instant case, however, there

case, G.B. described the sexual abuse in some detail, and a doctor testified that a subsequent physical examination revealed that the boy could have been sexually abused but the abrasions on his body could have had some other cause.

402

was too long a delay after G.B. came home to his mother's house to render his statements to his mother admissible, as a prompt complaint.

I would remand for a new trial.