Powe et ux. *v.* Pittsburgh Railways Co.

534

Argued March 19, 1931. Before Frazer, C. J., Walling, Simpson, Kephart and Schaffer, JJ.

*Charles G. Notari*, with him *Thomas M. Marshall*, of *Marshall & Marshall*, for appellants.—It is submitted that in a situation such as we have in this case the spontaneous declarations of the motorman immediately after the accident, on the spot and in full view of the wrecked automobile, are admissible in evidence as part of the res gestæ and as explanatory of the occurrence: Hanover R. R. v. Coyle, 55 Pa. 396; Thomas v. R. R., 275 Pa. 579; Moyer v. Ry., 275 Pa. 363; Backstrom v. Kaufmann, 266 Pa. 489; Marcus v. Gimble, 231 Pa. 200; Derrick v. Electric Co., 268 Pa. 136.

*William A. Challener*, for appellee.—The question as to when evidence is admissible as part of the res gestæ

is always difficult and a court should not be convicted of error unless counsel makes an offer which shows that the evidence really is part of the res gestæ, and relevant to the case.

OPINION BY MR. CHIEF JUSTICE FRAZER, April 13, 1931:

These two appeals are in actions brought by a husband and wife against the Pittsburgh Railways Company, following an accident in which the wife, Gertrude Powe, was injured. Plaintiffs' evidence was to the effect that, on the evening of April 8, 1928, at about 11 o'clock, Mrs. Powe, with two other women, entered the back seat of an automobile facing east on Center Avenue, at its junction with Reed Street, in the City of Pittsburgh. At this point, street cars traveling west or inbound, make a right-hand curve on Center Avenue. While the driver of the automobile was making a left-hand turn on Center Avenue and the rear wheels of his car were about half way between the inbound car tracks and the curb, the automobile was struck in the rear right side by one of defendant company's cars traveling inbound. Plaintiffs' evidence showed that the automobile was badly damaged and Mrs. Powe injured. At the conclusion of the trial, a verdict was rendered in favor of defendant. The court in banc refused a motion for a new trial; these appeals followed.

Appellants present four assignments of error, the first two of which relate to the court's refusal to admit testimony of Arthur Powe and Charles Beck, both of whom were standing on the sidewalk on the opposite side of the street, and, seeing the accident, proceeded immediately to the point of the collision. The rejected testimony concerned a statement made by the motorman when Powe demanded of him why he failed to bring his car to a stop and avoid a collision. It is appellants' contention that the testimony was part of the res gestæ and accordingly improperly rejected.

Powe testified "The street car struck the automobile so it knocked it a distance so it ran into it after; knocked it a distance and knocked it again. I was on the curbstone and I ran across to see. After he [the motorman] came out I asked him what was the reason he didn't stop—." At this point defendant's counsel objected and the court sustained the objection. Beck's testimony was: "Q. And did you rush over to where the accident was? A. I did. Q. Did you hear any remarks made by the motorman? A. I did. Q. What did he say?" At this point, defendant's counsel again objected to the testimony as not being within the res gestæ rule, and the court sustained the objection.

It is well recognized that the judicial idea of matters within the res gestæ rule is broader under our American decisions than under the very restricted interpretation employed by English Courts: Chapman on Evidence, page 22. As was said in Hanover R. R. Co. v. Coyle, 55 Pa. 396, 402, where a locomotive collided with a peddler's wagon and there arose a question as to the admissibility of a statement by the engineer, "we cannot say that the declaration of the engineer was no part of the res gestæ. It was made at the time of the accident, in view of the goods strewn along the road by the breaking up of the boxes, and seems to have grown directly out of, and immediately after, the happening of the fact. The negligence complained of being that of the engineer himself, we cannot say that his declarations, made upon the spot, at the time, and in view of the effects of his conduct, are not evidence against the company as a part of the very transaction itself." See also Vicksburg, etc., R. R. Co. v. O'Brien, 119 U. S. 99, at 108. Cases typical of the class to which the one under consideration belongs, where statement are admissible, as an exception to the hearsay rule, are said by Wigmore to be where the facts show "a statement or exclamation, by a participant, immediately after an injury, declaring the circumstances of the injury, or by a person at an affray, a rail-

road collision or other exciting occasion, asserting the circumstances of it as observed by him": III Wigmore on Evidence (2d edition), section 1746. There have been numerous analagous cases in this court where we have held delcarations by a participant in the accident made at the place it happened, in view of the wreckage and very soon after the occurrence, admissible as part of the res gestæ: Hanover R. R. Co. v. Coyle, supra, 402; Coll v. Easton Transit Co., 180 Pa. 618, 625; Backstrom v. Kaufmann, 266 Pa. 489, 491; Moyer v. Pittsburgh M. & B. Ry., 275 Pa. 363, 365. In the present case the evidence establishes the presence of all elements necessary to bring the declarations of the motorman within our res gestæ rule. The accident was such as would naturally produce nervous excitement; the subject of the remark may, from the question that prompted it, properly be inferred to have related to the circumstances of the occurrence preceding it; the place of the remark was the location of the accident, and the time, although not precisely contemporaneous with the occurrence was, in view of our decisions and under the circumstances of the case, sufficiently close thereto, to render the motorman's reply admissible. "That utterances must be strictly contemporaneous with the exciting cause, to be within the rule, is a fallacy; they may be subsequent to it provided there is not time for the exciting influence to lose its sway and be dissipated...... Furthermore, there is no definite and fixed limit of time. Each case must depend upon its own facts": Wigmore, supra, section 1750. The evidence shows that, in the present case, the declaration of the motorman sought to be introduced was made at the place of the accident, in view of the wreckage, immediately following the stopping of the street car, and as soon as Powe and the other witness, Beck, who were standing on the opposite side of the street from the place of the accident, could cross to the point of the collision, and the motorman had stepped outside of his car.

The two cases cited by appellee (McMillen v. Strathmann, 264 Pa. 13; Leonard v. Baltimore and Ohio R. R. Co., 259 Pa. 51) are readily distinguishable from the present situation. In the former there were no circumstances in evidence to show that the statements by defendant's driver, made, during a conversation, after the accident, were made at the time, place and in such a manner as to fall within the purview of the res gestæ; while, in the latter case, the statements sought to be introduced were, it appeared from the evidence, made after the occurrence had completely ended and the parties had removed from the scene. What we said in this latter case may well be repeated here: "A transaction may cover a considerable period of time or it may be completed in a moment and each case of this character must necessarily depend upon its particular circumstances": Leonard v. B. & O. R. R. Co., supra, 51, 59. In view of the evidence produced by plaintiffs, it was error for the trial court to exclude from the evidence Powe's and Beck's testimony concerning the statement of the motorman, made under such circumstances as our reading of the record convinces us did not warrant exclusion on the theory that they were not part of the res gestæ. Inasmuch as this error requires us to return the case to the lower court for a new trial, discussion of the remaining assignments of error becomes unnecessary.

The judgments of the court below are reversed and a new trial is granted.