## Commonwealth *v.* Chuck, Appellant.

Argued December 7, 1973. Before WRIGHT, P. J., WATKINS, JACOBS, HOFFMAN, CERCONE, and SPAETH, JJ. (SPAULDING, J., absent).

Before GROSHENS, P. J.

*Lawrence Sager,* with him *Sager & Sager,* for appellant.

*Stewart J. Greenleaf*, Assistant District Attorney, with him *J. David Bean*, Assistant District Attorney, *William T. Nicholas*, First Assistant District Attorney, and *Milton O. Moss*, District Attorney, for Commonwealth, appellee.

OPINION BY CERCONE, J., April 3, 1974:

This is an appeal by the defendant from a conviction on charges of possession and sale of a controlled substance under The Controlled Substance, Drug, Device and Cosmetic Act of 1972, 35 P.S. 780-101 (eff. June 14, 1972). The basis of the appeal is that the conviction resulted from testimony given by a witness who was not competent to testify.

The Commonwealth's case against the defendant rested upon the testimony of one witness, David Keith Ewing. At the time of trial Mr. Ewing was nineteen years old. He was a drug user and had previously been arrested on drug and burglary charges. On the 5th of September, 1972, Mr. Ewing was committed to Norristown State Hospital under provisions of the Mental Health and Mental Retardation Act of 1966, 50 P.S. 4408. He was discharged from Norristown State Hospital on December 13, 1972, and appeared as a witness for the Commonwealth in this case in June of 1973. Mr. Ewing was also of a somewhat odd religious persuasion called Satanism. Since it was solely the testimony of Mr. Ewing which linked the appellant to the possession and sale of any drug, his competency as a witness was essential to the case presented by the Commonwealth.

The first issue raised by defendant is whether Mr. Ewing was mentally competent to testify. The mental competency of a witness is a matter for the trial judge to determine and his action is not reviewable in the absence of a clear abuse of discretion: *Commonwealth v. Kosh*, 305 Pa. 146, 157 A. 479 (1931); *Common-*

*wealth v. Bartell,* 184 Pa. Superior Ct. 528, 136 A. 2d 166 (1957). When the mental competency of a witness is questioned the trial judge must determine whether the witness has sufficient understanding to comprehend the obligation of an oath and to be capable of giving a correct account of the matters he has seen or heard: *Commonwealth v. Kosh,* supra, *Commonwealth v. Bartell,* supra, *Dulnikowski v. Stanziano,* 195 Pa. Superior Ct. 508, 172 A. 2d 182 (1961). A witness gives a correct account of the matters he has seen or heard when he describes them in a lucid rational manner and is responsive to questions upon cross-examination. *Commonwealth v. Kosh,* supra. See also Comment, "Competency of the Mentally Incompetent," 32 Southern California Law Review 65 (1958). There is no evidence indicating that Mr. Ewing did not understand the obligation of the oath or that his account of the alleged sale of narcotics was not given in a lucid rational manner. Once the trial judge has determined that a witness has the requisite understanding of the obligation of the oath, and that he is capable of giving a correct account of the matters he has seen or heard, that witness is competent to testify.

Mr. Ewing's commitment under the provisions of Section 4408 of the Mental Health and Mental Retardation Act of 1966, 50 P.S. 4408, was not a determination of his legal competence for the purpose of giving testimony in a courtroom. Even an insane person is competent to testify if he satisfies the test laid down in *Commonwealth v. Kosh,* supra; *McClaney v. Scott,* 188 Pa. Superior Ct. 328, 146 A. 2d 653 (1958). It is true that if at the time of testifying, or shortly beforehand, the witness had been adjudicated insane, a rebuttable presumption of testimonial incompetency would arise: *District of Columbia's Appeal,* 343 Pa. 65 (1941). However, Mr. Ewing testified in June of 1973, a full seven months after his discharge from Norristown State Hos-

pital on December 13, 1972. Even if the commitment procedure could be construed as an adjudication of insanity, such adjudication does not give rise to the presumption of testimonial incompetency seven months after the witness has been discharged from the mental institution: *Commonwealth v. Towber*, 190 Pa. Superior Ct. 93, 152 A. 2d 917 (1959). It is clear that under the test for mental competency in *Commonwealth v. Kosh*, supra, the trial judge did not err in his determination that David Keith Ewing was competent to testify.

However, the fact that the witness was mentally competent to testify does not mean that evidence as to his mental disability should be excluded. Treatment in a mental hospital within seven months of the date of trial is near enough to raise a question for the jury as to the effect of the mental disorder on his credibility. *Commonwealth v. Towber*, supra.

Defendant's attorney also questions the competency of the witness on the grounds that his belief in Satanism disqualifies him as a witness. In Pennsylvania a person may not be declared incompetent to testify on the basis of his religious beliefs: Act of April 23, 1909, P. L. 140, §§2-3, 28 P.S. §§312-13; *Commonwealth v. Tresca*, 45 Pa. Superior Ct. 619 (1911). However we can declare a witness incompetent if he states he is unable to tell the truth. This is true apart from the consideration of his religious beliefs. If a person is incapable of telling the truth he is not competent to testify. *Commonwealth v. Collins*, 436 Pa. 114 (1969); McCormick Evidence (2d ed. 1972). Thus, it also follows that a person whose religious beliefs would impel him not to tell the truth is not a competent witness. In the instant case defense counsel failed to elicit any information supporting a contention that the witness, as a member of Satanism, was not able to understand the oath or that he was not obligated to tell the truth.

The trial court in no way impeded defense counsel, Mr. Eschbach, from eliciting such possible information. The colloquy on this matter is as follows: "BY MR. ESCHBACH: Q. Do you still belong to the satanist or satanism religious organization? MR. MOORE: Objection, Your Honor. THE COURT: He does not call it a religious organization. I understand it was a personal religion. Isn't that what the record says—personal? MR. ESCHBACH: Secret religion, Your Honor. MR. MOORE: Your Honor, I would object to the whole line of questioning. It is entirely improper. THE COURT: I will allow it. MR. ESCHBACH: I think it goes to its oath. THE COURT: Go ahead. BY MR. ESCHBACH: Q. Do you still belong to the secret religion of satanism— worship the devil? A. I still worship the devil, yes. MR. ESCHBACH: Your Honor, I sort of question his oath that he took—MR. MOORE: Your Honor, I object to this. THE COURT: You can argue that with the jury later on. It is for them to say whether he told the truth here today. That is the sole issue of the jury. Was he telling the truth this morning when he described what happened between him, as he says, and the defendant? If you believe him, then the defendant, it would seem to me, is guilty. If you don't believe him, then the defendant is not guilty. It is case of his word against [the defendant's] so far as I can see."

Thus, after the court told defense counsel to "go ahead" only one question was asked after which defense counsel made a half-hearted attempt to object to the witness's competency to testify. A trial judge does not have the ability in every instance, during the process of a trial, to foretell what is on counsel's mind regarding examination or cross-examination of a witness. An attorney must not be half-hearted, shy or reluctant to pursue a line of questioning which he feels is important to his case. Defense counsel failed to do this and, further, under the circumstances the court gave

him every leeway in allowing him to argue the matter of credibility of the witness to the jury. In *Commonwealth v. Collins*, supra, our Supreme Court affirmed a conviction even though it felt that the trial court had committed error in not hearing testimony that the witness was incapable of telling the truth and therefore incompetent to testify. The Supreme Court felt that, since evidence of the witness's credibility was presented to the jury, the error was not so great as to require reversal. Since the jury in the present case was apprised of the witness's belief in Satan and the effect it might have upon his credibility, together with the fact that defense counsel had failed to properly attack the witness's truth telling ability under oath, we find no error by the trial court in determining that the witness was competent to testify.

The verdict was not against the weight of the evidence. The test of sufficiency of the evidence, regardless of whether it is direct or circumstantial, is whether accepting as true all the evidence upon which, if believed, the jury could properly have based its verdict, it is sufficient in law to prove beyond a reasonable doubt that the defendant is guilty of the crime charged: *Commonwealth v. Chasten*, 443 Pa. 29, 275 A. 2d 305 (1971); *Commonwealth v. Whiting*, 409 Pa. 492, 187 A. 2d 563 (1963); *Commonwealth v. Terenda*, 433 Pa. 519, 252 A. 2d 635 (1969). In *Commonwealth v. Aikens*, 179 Pa. Superior Ct. 501, 118 A. 2d 205 (1955), where a conviction on selling and trafficking in drugs depended upon the uncorroborated testimony of a drug addict, the court held that the credibility of the witness and the weight of his testimony were questions of fact for the jury under proper instructions of the trial judge, and that the uncorroborated testimony of the witness was sufficient to support the conviction. The uncorroborated testimony of David Keith Ewing concerning

defendant's possession and sale of narcotics is sufficient to support the conviction of Robert Chuck.

For the reasons stated above, the appellant's motion for a new trial is denied,[1] and the judgment of sentence of the lower court is affirmed.

---

[1] The appellant raises one other issue concerning the adequacy of the charge given by the trial court. However, no timely objection having been made to the charge when given, the issue has not been preserved for appeal.