522 A.2d 589

**COMMONWEALTH of Pennsylvania**

v.

**Edward STOHR, Appellant.**

Superior Court of Pennsylvania.

Argued June 30, 1986.

Filed March 6, 1987.

294

Daniel P. McElhatton, Philadelphia, for appellant.

Ronald Eisenberg, Assistant District Attorney, Philadelphia, for Com., appellee.

Before CIRILLO, President Judge, and WICKERSHAM, BROSKY, McEWEN, OLSZEWSKI, MONTEMURO, BECK, KELLY and JOHNSON, JJ.

WICKERSHAM, Judge:

This is an appeal from the judgment of sentence entered on November 17, 1983, by the Honorable Thomas N. Shiomos of the Court of Common Pleas of Philadelphia County. Appellant was convicted of indecent assault, indecent exposure, and corrupting the morals of a minor. We affirm.

Appellant, Edward Stohr, is the natural father of the victim, who was age four and a half at the time of the incident. Appellant and the victim's mother have been divorced since March 29, 1979. Pursuant to the divorce decree, appellant was granted visitation privileges. On February 27, 1982, the victim was visiting with her father for the weekend at appellant's duplex in Northeast Philadelphia. Testimony produced at trial indicated that while bathing his daughter that evening, appellant exposed his erect penis and ejaculated into her mouth and onto her vaginal area. Immediately thereafter, the victim attempted to telephone her mother but was unable to remember her phone number. Later that evening, when appellant and the victim were about to go asleep, appellant again ejaculated over his daughter's vagina, this time rubbing his semen on her body and into her mouth.

Appellant returned the victim to her mother the following day, February 28, 1982. Her mother found the little girl to be uncharacteristically quiet and behaving in an unusual manner. As her mother undressed the child for a bath, she observed a clear "crusty substance" and irritation around her pelvic region. The child promptly revealed to her mother the events that had occurred the night before. She explained in great detail how her father had put "magic soap" on her "hiney", her belly, and her mouth to get her clean. Her mother reported the incident to the Sex Crimes Unit at Jefferson Hospital.

Appellant was thereafter arrested and charged with indecent assault, indecent exposure, corrupting the morals of a minor, involuntary deviate sexual intercourse, and attempted rape. Appellant pleaded not guilty to all charges. A jury trial was held, but a motion for mistrial was granted

when the jury was unable to return a unanimous verdict. Appellant then waived his right to another trial by jury, and, on June 9, 1983, proceeded by bench trial before Judge Shiomos. Appellant was adjudged guilty of indecent assault, indecent exposure, and corrupting the morals of a minor. Appellant was found not guilty of involuntary deviate sexual intercourse and attempted rape. Post-verdict motions being denied, appellant was sentenced to three years psychiatric probation with two conditions: (1) he was not to see his daughter without authority of the legal guardian, and (2) he was to attend an outpatient program. Appellant filed a timely appeal. In his appeal appellant raises the following two issues for our review:

1. Did the trial court err in finding that the complainant, [ ], who was 4½ years old at the time of the alleged incident was competent to testify at trial regarding the said event?

2. Did the trial court err in ruling that the out of court statements made by the Complainant, [ ], to her mother were admissible, although hearsay, as evidence of a fresh or prompt complaint?

Brief for Appellant at 3. This court, by order dated June 2, 1986, listed the case for argument before the court *en banc.*

■ Appellant first contends that the trial court improperly admitted testimony by the victim. The averment that the lower court erred by allowing the child victim to testify at trial is unsupported by the record. A witness is presumed competent to testify unless proven otherwise. *Commonwealth v. Riley,* 458 Pa. 390, 326 A.2d 384 (1974). When a proposed witness is under fourteen years of age, however, there must be a searching judicial inquiry as to mental capacity. *Commonwealth v. Short,* 278 Pa.Super. 581, 420 A.2d 694 (1980). This inquiry will probe the capacity to communicate, observe and remember, and a consciousness of the duty to speak the truth in proportion to the witness's chronological immaturity. *Rosche v. McCoy,* 397 Pa. 615, 156 A.2d 307 (1959). The record reflects that the trial judge did conduct such an inquiry to determine whether the child

was competent to testify. As the judge holds the superior opportunity to evaluate the competency of a proposed child witness, once a determination is made, we will not disturb the court's finding absent a flagrant abuse of discretion. *Commonwealth v. Bailey*, 322 Pa.Super. 249, 469 A.2d 604 (1983). We find no such abuse herein. *See* N.T. of June 9, 1983 at 13–21.

We next address appellant's allegation of error in admitting testimony of the victim's mother.[1] The lower court opinion reveals that the court admitted the mother's testimony as res gestae under the excited utterance exception to the hearsay rule. To qualify a statement as an excited utterance the statement must be:

> 'a spontaneous declaration by a person whose mind has been suddenly made subject to an overpowering emotion caused by some unexpected and shocking occurrence, which that person had just participated in or closely witnessed, and made in reference to some phase of that occurrence which he perceived, and this declaration must be made so near the occurrence both in time and place as to exclude the likelihood of its having emanated in whole or in part from his reflective faculties.' *Allen v. Mack*, 345 Pa. 407, 410, 28 A.2d 783, 784 (1942).

*Commonwealth v. Pronkoskie*, 477 Pa. 132, 137–38, 383 A.2d 858, 860 (1978). *See also Commonwealth v. Galloway*, 302 Pa.Super. 145, 448 A.2d 568 (1982). In the instant case, the trial court cites *Commonwealth v. Nowalk*, 160 Pa.Super. 88, 50 A.2d 115 (1946), as authority for its decision to allow the mother's testimony. In *Nowalk*, a three-year old girl told her baby-sitter she had been sexually

1. Appellant avers in his second issue that the lower court erred in admitting hearsay evidence as a "prompt complaint" of the incident charged. A review of the record does not establish with clarity what evidentiary theory of admissibility was accepted by the lower court. *See* N.T. of June 9, 1983 at 50–55. *But see id.* at 55 (court expresses "no ruling" on the evidence beyond the offer of proof). Further, the lower court opinion advocates admissibility of the challenged testimony as res gestae, *see* lower ct. op. at 7–10, in apparent conflict with appellant's issue as phrased. We, therefore, will address the admissibility of the evidence on appeal under both a "prompt complaint" and res gestae analysis.

assaulted by an adult neighbor. The baby-sitter told the child to tell her mother as soon as she arrived home. Finding the child's timely statements to the mother upon her return to be part of the res gestae, the mother was permitted to testify to the same in court. The rationale therein was that the child victim had taken the first opportunity to relate the events of the assault to her mother.

While we accept that a time lapse between an assault and the victim's statements does not negate the indicia of reliability which underlies the res gestae rule, *Commonwealth v. Bailey*, 353 Pa.Super. 390, 510 A.2d 367 (1986) (plurality), it is certainly of great significance. The requirement of spontaneity is a question which turns on the particular circumstances of each case. Additionally, the requirement that the statement be sufficiently contemporaneous is relaxed where the child declarant is the victim of a sexual assault. *Id.*, 353 Pa.Superior Ct. at 393, 510 A.2d at 368. "Such a relaxation of the rule recognizes both the likelihood of a young child's inability to comprehend ... the assault and the possibility of the child's hesitancy to discuss the matter for fear of incurring punishment." *Commonwealth v. Pronkoskie, supra*, 477 Pa. at 142 n. 9, 383 A.2d at 863 n. 9.

Instantly, however, the victim was assaulted on Saturday night and reported the assault to her mother on Sunday night, some 24 hours later. The time span between the assault and the accusatory statements to her parent was greater than that in *Commonwealth v. Nowalk, supra* (approximately a six hour delay), and casts doubt on the spontaneous nature of the statement as res gestae. As this court stated in *Commonwealth v. McIntosh*, 258 Pa.Super. 101, 105, 392 A.2d 704, 706 (1978):

> *Nowalk* did not create a new res gestae rule allowing admission of a child declarant's out of court statement regardless of when and under what conditions it was made so long as it was made to the child's parent at the child's first opportunity to be alone with the parent. To

apply such a rule is to misapply *Nowalk* and the res gestae exception.

An excited utterance or "res gestae" basis for admission in this case would be tenuous although the particular circumstances could conceivably establish such an admission. *See Commonwealth v. Bailey, supra* (plurality) (fifty-five-hour delay). *See also Williams v. State,* 427 So.2d 100 (Miss. 1983) (twelve-hour delay and first reasonable opportunity to complain); *State v. Creighton,* 462 A.2d 980 (R.I.1983) (fourteen-hour delay); *State v. Padilla,* 110 Wis.2d 414, 329 N.W.2d 263 (1982) (three-day delay). *But see Commonwealth v. McIntosh, supra,* 258 Pa.Superior Ct. at 107, 392 A.2d at 706. (Spaeth, J. concurring) ("There is not, and should not be, an 'earliest opportunity exception' to the hearsay rule.").

[2] While we are not persuaded to admit the testimony of the mother as res gestae under the excited utterance exception to the hearsay rule, the testimony was clearly admissible as evidence of a "prompt complaint." It is well established that an appellate court may affirm the action of the lower court on a different rationale than that advanced by the lower court in support of its judgment. *Commonwealth v. Meischke,* 273 Pa.Super. 134, 139 n. 3, 416 A.2d 1126, 1128 n. 3 (1979); *Commonwealth v. Whitehouse,* 222 Pa.Super. 127, 292 A.2d 469 (1972) (*en banc*). It is the judgment itself which is the subject of our review, not the reasons given in support thereof. *Commonwealth v. Marks,* 442 Pa. 208, 275 A.2d 81 (1971).

Evidence of a complaint of a sexual assault is "competent evidence, properly admitted when limited to establish that a complaint was made and also to identify the occurrence complained of with the offense charged." *Commonwealth v. Freeman,* 295 Pa.Super. 467, 475, 441 A.2d 1327, 1331 (1982). *See also Commonwealth v. Green,* 487 Pa. 322, 409 A.2d 371 (1979); *Commonwealth v. Bailey, supra; Commonwealth v. Pettiford,* 265 Pa.Super. 466, 402 A.2d 532 (1979); *Commonwealth v. Krick,* 164 Pa.Super. 516, 67 A.2d 746 (1949). In the instant case, the victim's mother

testified to corroborate her daughter's statements concerning the assault and the identity of the defendant.

Our courts have disallowed "prompt complaint" testimony which exceeds the exception's permissible limits. *See, e.g., Commonwealth v. Green, supra* (all encompassing statement by detective inadmissible as it goes beyond identifying complaint and its nature); *Commonwealth v. Pettiford, supra* (detailed testimony recounting victim's rape was inadmissible as proof of "prompt complaint"). Instantly, the challenged testimony of the victim's mother was, however, "properly limited to establishing that a complaint was made and to *identifying the occurrence complained of with the offense charged." Commonwealth v. Bailey, supra,* 353 Pa.Super. at 395, 510 A.2d at 369 (Hoffman, J. concurring) (emphasis added). Clearly the mother's corroborative testimony was permitted to include "so much of the complaint as will identify the occurrence complained of with the crime charged." *Commonwealth v. Krick, supra,* 164 Pa.Super. at 522, 67 A.2d at 750 (admitting testimony of father in statutory rape case describing statements from daughter of intercourse with the defendant).

Additionally, an averment that evidence of identification of the defendant is beyond the scope of "prompt complaint" testimony is meritless. In *Commonwealth v. Freeman, supra,* a panel stated in *dictum* that identification evidence was beyond the scope of this special rule; however, that statement is contrary to the state of the law. Our Supreme Court in *Commonwealth v. Green, supra,* noted that there *is* authority for admitting the particulars of a complaint, such as the assailant's identity. *See id.,* 487 Pa. at 328, 409 A.2d at 374. *See also Commonwealth v. Bailey, supra,* 353 Pa.Super. at 396 n. 2, 510 A.2d at 369 n. 2, slip op. at 6 n. 2 (Hoffman, J. concurring); *Commonwealth v. Krick, supra* (identification of defendant admitted). Identification evidence was properly admitted herein as part of the collateral evidence which is admissible to identify the occurrence complained of with the offense charged.

In summary, the record reflects that the victim graphically testified to being molested in the bath by her father and a second time before falling asleep. *See* N.T. of June 9, 1983 at 26–49. In addition her mother corroborated that testimony by relaying statements made to her by the child victim. These statements were properly received under the "prompt complaint" exception to the hearsay rule.

Thus, while not agreeing with the trial court's enscribed rationale for admission of the mother's testimony, we approve of its admission as a "prompt complaint." We therefore affirm the judgment of sentence entered below.[2]

Judgment of sentence affirmed.

**2.** The Commonwealth asks us today to determine whether a "tender years" exception to the hearsay rule should be adopted by the courts of Pennsylvania. Although encouraged to do so, *see, e.g., Commonwealth v. Bailey,* 353 Pa.Super. 390, 395 n. 1, 510 A.2d 367, 369 n. 1 (1986) (plurality); *Commonwealth v. Haber,* 351 Pa.Super. 79, 505 A.2d 273 (1986) (Olszewski, J., dissenting), we find that based upon the facts herein presented, we will not reach that determination as this appeal may be answered under existing caselaw.

While the instant appeal falls within the present state of Pennsylvania law, we recognize a critical need to protect the interests of victims in child sexual abuse cases. Such cases present the trial court with substantial hearsay evidence problems. The child is usually the only witness to the event. Unless they fall within one of the hearsay exceptions, statements made to a trusted adult relating the experiences of the assault are inadmissible as hearsay. Often a child is found incompetent to testify or is otherwise unavailable to give testimony. In those cases, to rule the hearsay statements inadmissible is to effectively terminate the prosecution.

As the present appeal is disposed of under existing law, we are constrained to pass by the opportunity to judicially create a "tender years" exception. We add that legislation in this area is surely needed and would urge the legislature to expeditiously propound legislation to provide appropriate remedies for the extraordinary problem of proof in this class of case. *See, e.g.* Colo.Rev.Stat. § 13–25–129 (Supp. 1984); Ind.Code Ann. § 35–37–4–6 (Burns Supp.1986); Minn.Stat.Ann. § 595.02(3) (Supp.1986); S.D.Codified Laws Ann. § 19–16–38 (Supp. 1986); Utah Code Ann. § 76–5–411 (Supp.1986); Wash.Rev.Code Ann. § 9A.44.120 (Supp.1986). *See also* Note, *The Testimony of Child Victims in Sex Abuse Prosecutions: Two Legislative Innovations,* 98 Harv.L.Rev. 806 (1985); Comment, *A Tender Years Doctrine for the Juvenile Courts: An Effective Way to Protect the Sexually Abused Child,* 61 U.Det.J.Urb.L. 249 (1984); Comment, *A Comprehensive Approach to Child Hearsay Statements in Sex Abuse Cases,* 83 Colum.L. Rev. 1745 (1983).

OLSZEWSKI, J., files a concurring opinion.

KELLY, J., files a concurring opinion joined by McEWEN, J.

OLSZEWSKI, Judge, concurring:

While I agree with the result reached by the majority on both issues, I differ with the Court's rationale for admitting the testimony of the victim's mother.

Today this Court is asked to determine whether the statements of a child abuse victim made to a trusted adult regarding the assault are admissible as hearsay. Although the Court's decision to admit the statements of the victim to her mother is commendable, I believe the majority errs in resting that determination on the prompt complaint exception to the hearsay rule.

As the majority correctly states, *supra*, at 299, the prompt complaint exception permits the use of hearsay statements to corroborate the fact "that a complaint was made and also to identify the occurrence complained of with the offense charged." *Commonwealth v. Freeman*, 295 Pa.Super. 467, 475, 441 A.2d 1327, 1331 (1982) (citations omitted). Indeed, our Supreme Court stated that "(t)here is some authority" for the admission of testimony regarding the occurrence of the assault, its time and place, and the identity of the alleged attackers. *Commonwealth v. Green*, 487 Pa. 322, 328, 409 A.2d 371, 374 (1979) (citations omitted). However, even though the Court in *Green* expressly declined to define the scope of the prompt complaint exception, the Court noted that any testimony which went beyond identifying the complaint and its nature was inad-

We do note the legislative awareness of the evidentiary inadequacies of the present law in serving the public welfare in child sex abuse cases. The Commonwealth of Pennsylvania General Assembly recently passed Senate Bill No. 176, by both houses, and the governor signed the bill into law on February 21, 1986. Act No. 1986–14 amends Title 42 (Judiciary and Judicial Procedure) and provides for admissibility of certain statements of child victims and witnesses of criminal acts in dependency proceedings initiated under Chapter 63 of Title 42 (relating to juvenile matters). *See* 42 Pa.C.S. § 5986 (as enacted).

This legislation is a beginning; much more is needed.

missible. *Green, supra,* 487 Pa. at 328, 409 A.2d at 374. As I see it, any testimony beyond the fact of the complaint, the name of the complainant, and the nature of the complaint is not covered by the prompt complaint exception. Today, the Court has added a new dimension to this hearsay exception.

The victim testified that appellant abused her while bathing that evening. The testimony of the victim's mother corroborated the details of that incident. Further, the victim's mother, not the victim, related what she had been told regarding a second incident which occurred while appellant and the victim were in bed that evening. In my view, the testimony of the mother established far more than the fact that a complaint was made and the nature of that complaint.

There is, however, an acceptable means of determining the admissibility of such hearsay statements without sacrificing the hearsay rule. Pursuant to the tender years exception, the hearsay statements of the victim are admissible provided the trial court is satisfied that the statements are sufficiently reliable, and the child either testifies or, if unavailable to testify, corroborative evidence of the act is presented. S. Bill 1361 *would have amended* 42 Pa.Cons. Stat.Ann. Chap. 59. *See Commonwealth v. Bailey,* 353 Pa.Super. 390, n. 1, 510 A.2d 367, n. 1 (1986) (plurality opinion); *Commonwealth v. Haber,* 351 Pa.Super. 79, 505 A.2d 273 (1986) (Olszewski, J., dissenting).

As it is well within the power of this Court to develop our rules of evidence by the case law method, I believe the time has come to recognize the need for the tender years exception in child abuse cases and to accept this exception. Accordingly, for the reasons I set forth in *Bailey, supra,* and *Haber, supra,* I would affirm the order of the court below.

KELLY, Judge, concurring:

I concur in the result reached by the majority, but not in its rationale. Because of the significant social and legal

issues raised by this appeal, I write separately to explain my reasoning and to express my concerns regarding the approaches taken in the majority and concurring opinions.

## I.

The appellant first contends that the trial court abused its discretion in permitting the child victim to testify. Appellant argues that she was not competent to testify because she failed to demonstrate: 1) that she had an appreciation of the moral responsibility to speak the truth; and 2) that she had sufficient capacity to perceive, remember, and recount the incidents about which she testified. I agree with the majority that the trial court did not abuse its discretion, flagrantly or otherwise. I would add to its analysis as follows.

In Pennsylvania, witnesses, including child witnesses, are presumed competent, and it is incumbent upon the party challenging the testimony to establish incompetency. *Commonwealth v. Short*, 278 Pa.Super. 581, 586, 420 A.2d 694, 696 (1980), *citing Rosche v. McCoy*, 397 Pa. 615, 619–20, 156 A.2d 307, 309 (1959); *see also Commonwealth v. Riley*, 458 Pa. 390, 393, 326 A.2d 384, 385 (1974); *Commonwealth v. Fox*, 445 Pa. 76, 80, 282 A.2d 341, 343 (1971).

In *Rosche v. McCoy, supra*, our Supreme Court held that while a trial judge has broad discretion regarding the determination of the competency of witnesses to testify, the discretion is legal rather than absolute, and that in cases where the witness is under fourteen years old, there must be a careful inquiry as to the mental capacity of the witness. *Id.*, 397 Pa. at 621–622, 156 A.2d at 310; *see also Commonwealth v. Gaerttner*, 335 Pa.Super. 203, 214, 484 A.2d 92, 98 (1984); *Commonwealth v. Short, supra*, 278 Pa.Superior Ct. at 586–587, 420 A.2d at 696–97. However, rigid, unreasonable construction of the rules regarding the admissibility of children's testimony would present an unnecessary and particularly onerous barrier to the enforcement of laws designed to protect young children from physical or sexual abuse. It is important to note that the

standard set forth in *Rosche v. McCoy, supra,* is intended to present a barrier to admission of children's testimony *only* when the defects in the child's testimony are so substantial as to outweigh the evidentiary value of its admission.

The mere presence of defects in perception, memory and narration does not preclude a finding of testimonial competency. Rather, the question is whether the child has sufficient mental capacity to make it worthwhile to hear the child's testimony; otherwise stated, the question is whether the child's capacity to observe, remember, and recount was such that the child could probably bring additional knowledge of the facts before the fact finder. *Cf. McCormick, Evidence,* § 62 at 156 (E. Cleary Rev.1984). Moreover, we have consistently recognized that, "[b]ecause the trial judge who makes the competency ruling has a much superior opportunity to assess the competency of the child witness, an appellate court should virtually never reverse the ruling, the better practice being to accept the testimony on its face and leave the matter of credibility to the fact finder." *Commonwealth v. Bailey,* 322 Pa.Super. 249, 260, 469 A.2d 604, 610 (1983); *Commonwealth v. Short, supra,* 278 Pa. Superior Ct. at 587, 420 A.2d at 696 (1980); *Commonwealth v. Mangello,* 250 Pa.Super. 202, 205–06, 378 A.2d 897, 898–99 (1977). *See also* VI Wigmore, *Evidence,* § 1821 at 405 (Chadbourn Rev.1976); McCormick, *supra,* § 62 at 156 (exclusion seems "inept and primitive").

Appellant argues that the child victim's testimony reveals that she did not appreciate or comprehend concepts of "moral responsibility" or "divine retribution." It is true that she did not understand the oath and was not familiar with the Bible upon which it was to be sworn. However, a person may not, constitutionally, be declared incompetent to testify on the basis of his or her religious beliefs (or lack thereof), unless, his or her religious beliefs would impel him or her not to tell the truth. *See Commonwealth v. Chuck,* 227 Pa.Super. 612, 323 A.2d 123 (1974). Thus, the child victim's lack of familiarity with the Bible or the concept of

"divine retribution" presents no bar to her testimony. Nor is an understanding of *abstract concepts* such as an "oath" or "moral responsibility" a prerequisite to a finding of a sufficient "consciousness of a duty to speak the truth." *See Commonwealth v. Gaerttner, supra,* 335 Pa.Superior Ct. at 214, 484 A.2d at 98; *Commonwealth v. Payton,* 258 Pa.Super. 140, 143, 392 A.2d 723, 725 (1978). To the extent that *Commonwealth v. Rimmel,* 221 Pa.Super. 84, 289 A.2d 116 (1972), could be construed to require such understanding, it should be expressly overruled.

In the instant case, the child victim demonstrated her ability to distinguish truth from lies, and testified that she knew that she would be punished if she told lies. Although she could not say how she would be punished, she stated that she did not want to be punished and that she would tell the judge the truth. We have found such affirmations sufficient evidence of a "consciousness of a duty to speak the truth" in the past. *See Commonwealth v. Short, supra,* 278 Pa.Superior Ct. at 588–589, 420 A.2d at 697–98 (1980) (citing cases); *Commonwealth v. Allabaugh,* 162 Pa.Super. 490, 492, 58 A.2d 184, 185–86 (1948). I would not hesitate to do so in the instant case.

Appellant also claims that the child victim was incompetent to testify because she did not have sufficient mental capacity at the time of the trial to remember and recount the incident about which she was testifying. It is true that her testimony was weakened by some defects in perception, memory, and narration. However, the record also reveals that she was an intelligent and cooperative witness. She candidly admitted when she did not understand a question or when she did not know or remember a fact. Appellant's counsel was permitted to fully cross-examine her, and was able to effectively reveal weaknesses in her testimony. In spite of those weaknesses, her testimony was clearly relevant and material. I would find that sufficient mental capacity at the time of the trial appears in the record. (See N.T. 6/9/83 at 26–49).

Finally, the appellant argues that, like the child witness in *Rosche, supra,* the child victim in the instant case lacked sufficient mental capacity to observe and remember the event at the time it occurred. *Rosche* is, however, factually distinguishable. In *Rosche,* a seven-year-old witness was called upon to testify regarding a pedestrian/vehicle accident involving strangers which she had witnessed three years earlier when she was four years old. She had not discussed the matter with anyone since witnessing the occurrence, except on two occasions, with counsel trying the case. *Rosche v. McCoy, supra,* 397 Pa. at 623–624, 156 A.2d at 311–12. In the instant case, the five and one-half year old victim was called upon to testify regarding an incident of sexual abuse committed upon her by her father one year earlier. Significantly, she made detailed statements regarding the incident to her mother twenty-four hours after the incident. Sufficient capacity to observe and remember at the time of the incident was established.

## II.

The appellant next contends that the trial court erred in permitting the child victim's mother to testify regarding statements made by the child victim twenty-four (24) hours after the incident. For the reasons set forth below, I find that the testimony was not admissible as *res gestae,* or as evidence of a prompt complaint of a sexual assault; additionally, I am convinced that adoption of the proposed tender years exception is unnecessary and inappropriate. Instead, I would hold that the testimony was admissible as evidence of prior consistent statements offered to corroborate the child victim's in-court testimony.

### A. *Res Gestae*

Although the majority declines to admit the hearsay testimony of the child victim's mother under the *res gestae* exception, the majority does state that, under the particular circumstances of this case, the statements made by the child victim to her mother twenty-four hours after the

incident could "conceivably" be admitted as excited utterances under the *res gestae* exception. Majority Opinion at 299. I cannot agree. Under the particular circumstances of this case, I find application of the *res gestae* exception manifestly inappropriate.

A true *res gestae* statement is a spontaneous utterance by an individual whose mind has suddenly been made subject to an overpowering emotion caused by some unexpected and shocking act. *See Cody v. S.K.F. Industries, Inc.,* 447 Pa. 558, 563–65, 291 A.2d 772, 775 (1972) (citing cases); *see also Commonwealth v. Pronkoskie,* 477 Pa. 132, 137–38, 383 A.2d 858, 860 (1978) (overpowering emotion); *Commonwealth v. Clark,* 355 Pa.Super. 200, 204, 512 A.2d 1282, 1284 (1986) (overpowering emotional trauma, hysterical state of mind). "In short, they [the declarations] must be, not narration or attempted explanation of a past occurrence, but in the nature of an emotional, impulsive outburst made under the spell of excitement or shock caused by the occurrence to which they relate and uttered before the processes of intellect have had the opportunity to come into play." *Haas v. Kasnot,* 371 Pa. 580, 583–84, 92 A.2d 171, 173 (1952); *see also Commonwealth v. Kasko,* 322 Pa.Super. 62, 70–71, 469 A.2d 181, 186 (1983).

Ordinarily, where there is opportunity for reflection and design, the statements may not be admitted as excited utterances under the *res gestae* exception. *See Commonwealth v. Bailey,* 353 Pa.Super. 390, 399, 510 A.2d 367, 371–72 (1986) (48 hour delay, play during interim, questioning by mother); *Commonwealth v. Haber,* 351 Pa.Super. 79, 82–83, 505 A.2d 273, 275 (1986) (unknown but substantial delay, mothers questioned children); *Commonwealth v. Kasko, supra,* 322 Pa.Superior Ct. at 70, 469 A.2d at 185–86 (unknown but substantial delay, prolonged questioning of children by mothers); *Commonwealth v. Gore,* 262 Pa.Super. 540, 549, 396 A.2d 1302, 1306 (three hour delay, discussion of event with others, including attorney).

I agree, though, with the majority that a delay of twenty-four hours between the event and the statements, *standing*

*alone,* does not preclude a finding that the statements were spontaneous and the product of overpowering emotion. "That utterances must be strictly contemporaneous with the exciting cause, to be within the rule, is a fallacy, they may be subsequent to it, providing that there is not time for the exciting influence to lose its sway and be dissipated. . . . Furthermore, there is no definite and fixed limit of time. Each case must depend on its own facts." *Powe v. Pittsburgh Rys. Co.,* 303 Pa. 533, 537, 154 A. 795, 796 (1931), *citing* III Wigmore, *Evidence* § 1750 (2nd Ed.); *see also Cambell v. Gladden,* 383 Pa. 144, 148, 118 A.2d 133, 135 (1955) (citing cases); *Commonwealth v. Gore, supra,* 262 Pa.Superior Ct. at 547–548, 396 A.2d at 1305 (1978). I also agree that it may be reasonable to assume that the effect of an exciting event will hold sway over a child of tender years longer than an adult in the same circumstances; consequently, longer delays may be permitted in cases involving children of tender years,[1] so long as the totality of circumstances indicate that the statements were spontaneous.[2]

1. While I agree that statements need not be strictly *contemporaneous* to qualify as excited utterances, I strongly disagree with any suggestion that the requirement of *spontaneity* is or should be relaxed in cases involving children of tender years. Although our Supreme Court suggested *in dicta* in *Commonwealth v. Pronkoskie, supra,* 477 Pa. at 142 n. 9, 383 A.2d at 863 n. 9 (1978), that relaxation of the *contemporaneousness* requirement "recognizes both the likelihood of a young child's inability to comprehend the purpose of the assault and the possibility of the child's hesitancy to discuss the matter," neither of *these* factors necessarily establishes the existence or continuance of overpowering emotion. Rather, I would recognize the existence of spontaneity in spite of delay only where the evidence, expert or otherwise, established that the excitement caused by the incident continued to hold sway over the victim.

2. In sexual abuse cases involving children of tender years, I note that some of the factors which should be considered in determining whether the statements may be considered spontaneous include: the child's age, intelligence and maturity; the length of delay between the events and the statement; the nature of the event; the physical and emotional condition of the child; whether the statements are accompanied by signs of emotion or distress; whether the statements were volunteered or were made in response to question; and the language and character of the statement. Myers, *The Legal Response to Child Abuse,* 24 Fam.L.J. 149, 210 & n. 209 (citing cases); *see generally* Annotation, *Time Element As Affecting Admissibility Of Statements Of Complaint Made By Victims Of Sex Crime As Res Gestae, Spontaneous*

However, in the instant case, the Commonwealth failed to establish a proper foundation for admission of the hearsay statements under the *res gestae* exception. While propriety and concern for the child victim's privacy interests prevent detailed recitation and review of the testimony in this published opinion, it is necessary to note that the only indication of an emotional response to the incident by the child victim was the testimony of the child victim's mother that, *after* her daughter had finally revealed to her the details of the incident, her daughter stated that she did not like it, and then began to cry. (N.T. 6/9/83 at 66). No other evidence (expert or otherwise) of any emotional or physical distress was presented;[3] nor did the Commonwealth ask the child victim's mother to elaborate upon her statement that her daughter began to cry. (N.T. 6/9/83 at 66–68).

While the record indicates that the child victim may have been confused or disturbed by the unpleasant incident, it does not support a finding that the child victim experienced the kind of shock, revulsion, or overpowering emotion which naturally accompanies a similar assault on an older more

*Exclamation, Or Excited Utterance,* 89 ALR 3d 102 (1977 & Supp. 1986); Annotation, *Fact That Rape Victim's Complaint Or Statement Was Made In Response To Questions As Affecting Res Gestae Character,* 89 ALR 3d 369 (1977 & Supp.1986).

**3.** There is, however, evidence to suggest that the child was not under the sway of overpowering emotion between the time of the incidents and the statements. The child victim testified that: she was not hurt; she had no aches or pains; and that she did not cry after the incident. (N.T. 6/9/83 at 42; *see also* N.T. 6/9/83 at 37, 41–42). She also testified that she was not crying when her father dropped her off at her mother's house, but that she was a little sad that her father did not live with her family anymore. (N.T. 6/9/83 at 42–43). Furthermore, the child victim did not promptly report an *assault* to her mother. Rather, after prolonged questioning by her mother, she reluctantly acknowledged that she and her father had played a "game" which she did not like. (N.T. 6/9/83 at 29, 66–68; *see generally* N.T. 6/9/83 at 62–69). There was also testimony by the appellant, his mother, and his brother that the child victim visited appellant's family and played with her cousin during the time between the incident and her statements. (N.T. 6/9/83 at 94–112; *see also* N.T. 6/9/83 at 34, 47 & 64).

sexually aware individual.[4] Because the Commonwealth failed to establish that *from the perspective of the declarant,* there was an "exciting event" and consequent "overpowering emotion," the statements could not be admitted as an excited utterance under the *res gestae* exception regardless of when and how they were elicited.

B. *Prompt Complaint*

The majority holds that the statements were admissible as evidence of a prompt complaint of a sexual assault under the complaint of rape exception. I cannot agree. First, in cases such as this, I find the exception analytically inapplicable. Second, even if the exception were applicable, I would find that the detail of the statements exceeded the scope of the exception.

The prompt complaint rule was cogently explained by Judge Cavanaugh in *Commonwealth v. Freeman,* 295 Pa. Super. 467, 441 A.2d 1327 (1982), as follows:

Evidence of the alleged victim's 'hue and cry' following rape has long been admissible at common law. Hue and cry is thought to follow rape like smoke follows fire. Proof of the former is circumstantial evidence of the latter. Conversely, *unexplained lack of evidence of hue and cry that one might expect to ensue from rape casts doubts on the existence of the rape itself.*

Fresh complaints of rape, undetailed, are a particular form of hue and cry that provides significant circumstantial support for the alleged victim's subsequent testimony that she was raped. *Such fresh complaints are classified evidentially as prior consistent statements.*

4. In non-violent sexual abuse cases involving children of tender years, and parents, relatives or authority figures, it is common for the child to not report the incident, or for the child to relate the incident as part of the day's activities without any indication that it was a traumatic or unusual event. "[M]ost children do not view a sexual episode as shocking or even as particularly unusual." *See* Comment, *A Comprehensive Approach to Child Hearsay Statements in Sexual Abuse Cases,* 83 Colum.L.Rev. 1745, 1756–57 & nn. 92–105 (1983); *cited in Commonwealth v. Haber, supra,* 351 Pa.Superior Ct. at 89, 505 A.2d at 279 (Olszewski, J. dissenting); *see also Commonwealth v. Pronkoskie, supra,* 477 Pa. at 142 n. 9, 383 A.2d at 863 n. 9.

295 Pa.Superior Ct. at 476, 441 A.2d at 1332. (Emphasis added).[5]

In *Commonwealth v. Rodriguez*, 343 Pa.Super. 486, 491–92, 495 A.2d 569, 571–72 (1985), this Court extended the prompt complaint exception to include prompt complaints of sodomy. In *Commonwealth v. Bailey*, *supra*, the exception was applied to a case involving charges of indecent assault and involuntary deviate sexual intercourse. 353 Pa.Superior Ct. at 395, 510 A.2d at 369 (Hoffman, J., concurring). The trend has been to recognize the exception in sexual assault cases in general. *See* McCormick, *supra*, § 297 at 859 & n. 45; *see also* IV Wigmore, *supra*, § 1135(2) at 303 (noting the applicability of the rule to other sex crimes). However, I would find that the underlying basis for the prompt complaint exception does not exist in cases involving a non-violent sexual assault upon a child of tender years by a parent, relative or similar authority figure.

The underlying basis for the rule is the *presumed* fact that absence of hue and cry following a sexual assault is circumstantial evidence that no assault occurred (because "hue and cry" follows such assaults "like smoke follows fire"). *See Commonwealth v. Freeman*, *supra*, 295 Pa.Superior Ct. at 468, 441 A.2d at 1327. However, hue and cry by a child victim does not naturally and inevitably follow a non-violent sexual assault by a parent, relative or similar authority figure.[6] Because hue and cry cannot reasonably be expected in such cases, the absence of hue and cry should not be considered as giving rise to an inference that

5. The rules regarding evidence of a prompt complaint may be summarized as follows: the fact of a prompt complaint and the facts necessary to identify the complaint with the offense charged may be admitted as corroborative evidence if the victim testifies; the details may be offered as corroborative evidence if the victim's testimony is impeached; and, only if the evidence meets an established hearsay exception, may it be admitted as substantive evidence. *Commonwealth v. Freeman*, *supra*, 295 Pa.Superior Ct. at 477 n. 4, 441 A.2d at 1332 n. 4; IV Wigmore, *supra*, §§ 1134–40 at 297–314; *see also Commonwealth v. Krick*, 164 Pa.Super. 516, 521–22, 67 A.2d 746, 749–50 (1949).

6. *See* note 4, *supra*.

an assault did not occur. Thus, because no such inference can be drawn in these cases, the prompt complaint exception cannot reasonably apply. To the extent that the Commonwealth feels that a jury may, nonetheless, draw this improper inference, the Commonwealth may request that an appropriate instruction regarding this issue be included in the jury charge. Consequently, I would hold that evidence of a prompt complaint in such cases is only admissible if it is otherwise admissible under a specific hearsay exception (e.g. *res gestae*) or under the general rules for the admission of prior consistent statements.

Assuming, *arguendo,* that the prompt complaint rule applied in the instant case, I would still find that the detail of the statements exceeded even the broadest construction of the rule. It is true that our Supreme Court in *Commonwealth v. Green,* 487 Pa. 322, 409 A.2d 371 (1979), acknowledged that there was some authority to admit, in addition to the fact of a prompt complaint, the time and date of the assault and the identity of the assailant. *Commonwealth v. Green, supra,* 487 Pa. at 328, 409 A.2d at 374. However, in *Green,* and in the cases upon which *Green* relied, there was a distinction drawn between the *facts* which identify the complaint with the offense charged, and the *details* of the complaint. *See Commonwealth v. Green, supra,* 487 Pa. at 328–329, 409 A.2d at 374–75; *Commonwealth v. Krick,* 164 Pa.Super. 516, 521–22, 67 A.2d 746, 749–50 (1949) (admit only "so much of the complaint as will identify the occurrence complained of with the crime charged"); IV Wigmore, *supra,* § 1136 at 307 ("admit only the fact of the complaint, not the details"). This distinction has been ignored by the majority.

Contrary to the characterization of the testimony by the majority, the testimony of the victim's mother regarding her daughter's statements twenty-four hours after the incident went far beyond merely establishing the fact of the complaint and the identity of the assailant. The child victim's mother testified to the fact of the complaint, the time and date of the assault, the identity of the assailant,

*and in detail as to her daughter's statements regarding events before, during, and after the incident.* (N.T. 6/9/83 at 56–70). Because the testimony went beyond the *fact* of a complaint and the facts necessary to identify the complaint with the offense charged, and included *details* of the complaint, I would find that the testimony was not admissible under the prompt complaint exception. *See Commonwealth v. Green, supra,* 487 Pa. at 328, 409 A.2d at 374–75; *Commonwealth v. Bailey, supra,* 353 Pa.Superior Ct. at 395, 510 A.2d at 369; *Commonwealth v. Rodriquez, supra,* 343 Pa.Superior Ct. at 492–493, 495 A.2d at 572; *Commonwealth v. Freeman, supra,* 295 Pa.Superior Ct. 475, 441 A.2d at 1331; *Commonwealth v. Pettiford,* 265 Pa.Super. 466, 468, 402 A.2d 532, 533 (1979); *Commonwealth v. Sanders,* 260 Pa.Super. 358, 365, 394 A.2d 591, 594 (1978).

## C. *Prior Consistent Statements*

While I do not find the testimony admissible under the special prompt complaint rule, I would hold that the testimony was admissible as evidence of a prior consistent statement offered in corroboration of the child victim's impeached testimony.

"Generally, prior consistent statements of witnesses are not admissible as either substantive or corroborative evidence." *Commonwealth v. Gore, supra,* 262 Pa.Superior Ct. at 549, 396 A.2d at 1306 (citing cases); *see generally,* IV Wigmore, *supra,* § 1122 *et. seq.* at 254–297. However, such statements are admissible to corroborate a witness who has been impeached as having a faulty memory, or having recently fabricated the testimony. *See Commonwealth v. Clark, supra,* 355 Pa.Superior Ct. at 203, 512 A.2d at 1284; *see also Commonwealth v. Ravenall,* 448 Pa. 162, 292 A.2d 365 (1972); *Keefer v. Byers,* 398 Pa. 447, 159 A.2d 477 (1960); *see generally* Binder, *Hearsay Handbook,* § 2.14 at 49–51, (1983 & Cum.Supp.1986).

The admission of prior consistent statements is a matter left to the discretion of the trial judge, to be decided in light

of the character and degree of impeachment. *Commonwealth v. Marino,* 213 Pa.Super. 88, 245 A.2d 868 (1968); *see also Commonwealth v. Gore, supra,* 262 Pa.Superior Ct. at 550, 396 A.2d at 1307. It is not necessary that the allegation be explicit, it is enough that a serious attack on cross-examination enables the fact-finder to infer such an allegation. *Commonwealth v. Cain,* 358 Pa.Super. 198, 202, 516 A.2d 1252, 1254 (1986); *Commonwealth v. Clark, supra,* 355 Pa.Superior Ct. at 203, 512 A.2d at 1284; *Commonwealth v. Bailey, supra,* 322 Pa.Superior Ct. at 269, 469 A.2d at 613; *Commonwealth v. Gore, supra,* 262 Pa.Superior Ct. at 550, 396 A.2d at 1307. The transcript reveals that the child victim was extensively cross-examined and that from this cross-examination a reasonable juror could infer that defendant was implying that she was "coached," and that she could not accurately remember the incident. (N.T. 6/9/83 at 31–48). Her testimony was also impeached by appellant's testimony that the incidents alleged did not occur, and by the presentation of testimony from appellant's mother and brother that on the morning after the incidents occurred, the child visited with appellant's family, acted normally and played with her cousin. (N.T. 6/9/83 at 94–112). *See Commonwealth v. Cain, supra,* 358 Pa.Superior Ct. at 202, 516 A.2d at 1254.

Moreover, unlike adult witnesses, the credibility of witnesses who are children of tender years might be questioned by jurors on the basis of the witnesses' age alone. When there is a substantial delay between the event in question and the trial, there is an increased likelihood that jurors may discredit a young witness's testimony as the product of a distorted or decaying memory. In *Commonwealth v. Wilson,* 394 Pa. 588, 603–04, 148 A.2d 234, 242 (1959), *cert. denied* 361 U.S. 844, 80 S.Ct. 97, 4 L.Ed.2d 82, (1959), and *Commonwealth v. Howser,* 51 Pa. 332, 340 (1865), our Supreme Court held that a prisoner or a pardoned convict's testimony could be corroborated even without having been impeached, *as the witness's status alone raised the question of credibility.* I would find that, subject to the sound discretion of the trial judge, a child of

tender years testifying as a complainant or witness may be entitled to have corroborative evidence similarly admitted.

As noted *supra*, the child victim's mother testified in detail as to her daughter's statements regarding the events before, during, and after the incident. (*See* N.T. 6/9/83 at 56–70). Appellant argues that the mother's testimony not only corroborated her daughter's testimony, but went on to provide additional details and to expand upon it. Specifically, appellant contends that the mother "testified concerning an alleged assault which took place when the defendant and the complainant went to bed" even though, "the complainant never even mentioned the incident in her testimony." (*See* Brief of Appellant at 20). The majority states that the child victim "graphically testified to being molested in the bath by her father *and a second time before falling asleep.*" Majority Opinion at 301. (Emphasis added). The record, however, is devoid of any reference by the child victim to the second incident. (See N.T. 6/9/83 at 26–49). Nonetheless, I would find that the mother's testimony was admissible as corroborating evidence.

"Substantive evidence" is "[t]hat adduced for the purpose of proving a fact in issue, as opposed to evidence given for the purpose of discrediting a witness (i.e., showing that he is unworthy of belief), or of corroborating his testimony." *Black's Law Dictionary*, 1281 (rev. 5th ed. 1979). "Corroborating evidence," on the other hand, is defined as "[e]vidence supplementary to that already given and tending to strengthen or confirm it." *Black's Law Dictionary, supra,* at 311.

In the instant case, the child victim's testimony supplied sufficient evidence to establish each and every element of the offenses charged. (N.T. 6/9/83 at 26–49). The fact of the second incident was not offered as substantive evidence to establish an element of an offense charged; rather, it was offered to reconcile the child's testimony regarding her activities after the first incident in the bath and her mother's testimony concerning physical evidence discovered when her daughter returned home twenty-four hours later.

(*See* N.T. 6/9/83 at 36–37 & 64). When, as here, a prior consistent statement is offered as corroborative rather than substantive evidence, it is not hearsay. *See Commonwealth v. Freeman, supra,* 295 Pa.Superior Ct. 476, 441 A.2d at 1332. I note additionally, that the child victim—the declarant of the prior consistent statement—had previously testified and was available to be called on rebuttal by appellant if he had desired to challenge her mother's testimony regarding the prior consistent statement. *Cf. Commonwealth v. Sanders, supra,* 260 Pa.Superior Ct. at 366, 394 A.2d at 594–95, *quoting Commonwealth v. Dugan,* 252 Pa.Super. 377, 386, 381 A.2d 967, 671 (1977) (Spaeth, J., concurring).

Consequently, I would find that the statements were properly admitted as evidence of prior consistent statements offered to corroborate the child victim's impeached testimony.

### D. *Tender Years Exception*

Because I would find the testimony regarding the child victim's out of court statements admissible as prior consistent statements, I agree that we need not decide here whether the tender years exception should be adopted in Pennsylvania. As it now stands, the exception has not been adopted. *See Commonwealth v. Haber, supra.*[7] I note, however, my dissent from the majority's admonition to the legislature to "expeditiously propound legislation to provide appropriate remedies for the extraordinary problem of proof in such cases." Majority Opinion at 301, n. 2. I agree that continued legislative review of the serious prob-

7. I note that while the tender years exception has unquestionable emotional appeal, it lacks the uniform well-defined indicia of reliability which are the *sine qua non* of the existing exceptions. Neither being a child of tender years nor being the victim of a sexual assault makes one's out-of-court statements inherently more or less reliable. Moreover, the tender years exception, as proposed, is not a single exception, but an authorization for the creation of innumerable exceptions by the trial courts on an *ad hoc* basis. *See* Myers, *supra* at note 2, at 215–216, 228–229; Note, *The Testimony of Child Victims in Sexual Abuse Prosecutions,* 96 Harv.L.Rev. 806, 821–22 & nn. 96–107.

lems of child physical and sexual abuse is needed. However, I feel that it is manifestly inappropriate for the judiciary to attempt to instruct the legislature as to which of several proposed "reforms" will best serve the public interest.[8] This is precisely what the majority has done by

8. Although Pennsylvania *almost* statutorily adopted the tender years exception in 1984 (*see Commonwealth v. Haber, supra,* 351 Pa.Superior Ct. at 91, 94, 505 A.2d at 280–281), the legislature has since adopted a different and in many respects more comprehensive approach to the problem.

In 1986, the legislature enacted a bill which:

announced the intent of the legislature to invest child victims and child witnesses of crimes with additional rights and protections during their involvement with the criminal justice system (42 Pa.C. S.A. § 5981);

authorized the designation of qualified persons to act on behalf of the child by explaining proceedings to the child victim and his or her family, by advising the court regarding the child's ability to understand and cooperate in court proceedings, and by assisting or securing assistance for the child and the child's family in coping with the emotional impact of the crime and subsequent proceedings (42 Pa.C.S.A. § 5983);

authorized, for good cause shown, the use of videotaped depositions of the child victim or a child witness for use at preliminary hearings, and of the child victim for use at trial (42 Pa.C.S.A. § 5984);

authorized, for good cause shown, the use of closed-circuit testimony of the child victim or child witness (42 Pa.C.S.A. § 5985);

authorized, *in civil dependency proceedings under Title 63,* the use of hearsay statements made by a child victim or witness describing acts of sexual abuse involving the child or another member of the child's family, if the court finds that the time, content, and circumstances of the statement provide sufficient indicia of reliability (42 Pa.C.S.A. § 5986) (emphasis added);

authorized the use of anatomically correct dolls to assist a child victim in testifying in sexual abuse cases (42 Pa.C.S.A. § 5987); and made it a crime for court officers and employees to disclose the name of a child victim of physical or sexual abuse, unless the court otherwise orders, and further provided that court records containing the name of such a victim will not be open to the public unless the court otherwise orders (42 Pa.C.S.A. § 5988).

*See* Child Victim and Witnesses Act, Act No. 1986–14, 1986; *published in* 1 Pa.Leg.Serv. 68 (to be codified at 42 Pa.C.S.A. 5981 *et seq.*). In addition to the legislature's comprehensive approach to the problem, I note that the legislature specifically restricted the tender years exception to civil dependency proceedings, rather than authorizing the use of such hearsay in all judicial proceedings. Apparently, the legislature has found reason to reconsider and modify its earlier position regarding the tender years exception. Thus, to date, the tender years exception has been neither statutorily nor judicially adopted for use in *criminal* proceedings in Pennsylvania.

appending to its general admonition citations to statutes and law review articles which enacted or supported a single proposed "reform"—the tender years exception. Majority Opinion at 301, n. 2.

## CONCLUSION

While I agree that some changes in court rules and procedures may be required, I cannot agree that the need or desire for convictions in child sexual abuse cases warrants wholesale revision or relaxation of the established rules of evidence. These rules contain the wisdom of hundreds of years of experience and jurisprudential inquiry. They have been refined, tested, and proven to be effective tools for the divination of the truth and the protection of the accused from unfair trial and unjust conviction. While the relaxation or elimination of existing evidentiary rules regarding hearsay would undoubtedly result in a dramatic increase in conviction rates, the innocent as well as the guilty would be swept up in the tide of such reform. Such a trade-off is unacceptable. *See Commonwealth v. Haber, supra,* 351 Pa.Superior Ct. at 81–88, 505 A.2d at 275–278.

Moreover, while the legislature has a crucial role to perform in the reform process, its powers to revise the rules of evidence are strictly circumscribed by the need to preserve the constitutional rights which are invariably affected by proposed changes. Ultimately, the responsibility for final approval or rejection of proposed evidentiary changes resides in the courts, where governmental interests, the victim's interests, and the rights of the accused must be considered, and a delicate balance achieved.

McEWEN, J., joins.